20794

The STATE, Respondent, v. Walter Lee MOULTRIE, Appellant.
(248 S. E. (2d) 486)

*H. Patterson McWhirter,* Lexington, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Solicitor Donald V. Myers,* Lexington, *for respondent.*

October 25, 1978.

NESS, Justice:

Appellant Moultrie was convicted of burglary and murder and sentenced to two consecutive life terms. We affirm.

The critical issue is whether there was valid consent to search the house and the particular room in which appellant lived. Appellant shared a room with Hanna Evans at 914 Poplar Street in Cayce. Hanna's father, Robert Evans, owned the Poplar Street residence which was also occupied by several other children and grandchildren.

Robert Evans also owned a house ten to twelve blocks away on Tree Street where his wife resided. Mr. Evans testified that he lived at both homes. While there was evidence that Evans' son, Aaron, made an occasional mortgage payment, no true leasing arrangement existed.

When police approached Robert Evans about a search of his Poplar Street residence, he freely consented. Evans met

police there and led them through the house. At about this time, appellant was apprehended at his place of employment and taken to the Poplar Street home. When asked to consent to a search of a suitcase located in his room, appellant nodded.

Appellant asserts:

(1) The initial consent to search given by Robert Evans was invalid;

(2) His own consent to a search of his room was invalid because the search was already in progress;

(3) The court erred in allowing appellant's inculpatory statement into evidence because it was the fruit of the prior illegal search.

We conclude the initial consent to search rendered by Robert Evans was valid; therefore, the subsequent consent and confession by appellant were also valid.

In *State v. Middleton,* 266 S. C. 251, 222 S. E. (2d) 763 (1976), this Court examined the question of third party consent in keeping with the guidelines expressed in *U. S. v. Matlock,* 415 U. S. 164, 94 S. Ct. 988, 39 L. Ed. (2d) 242 (1974). We stated:

"In *Matlock,* the test devised for determining whether a third party had sufficient status to consent to a search was whether the third party possessed common authority over or had some other sufficient relationship to the premises or effects searched." 266 S. C. at 258-259, 222 S. E. (2d) at 766.

Common authority was defined as "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable" for the searching officers to believe that the person granting consent had the authority to do so. *U. S. v. Matlock, supra,* at 993, note 7.

We hold that Mr. Evans, as the owner of the home, had common authority and a sufficient relationship to the premises to consent to a search. All the evi-

dence indicates that Mr. Evans was aware of the relationship appellant had with his daughter, Hanna, and that he was simply being charitable in affording Moultrie a place to stay. As a guest in Evans' home, appellant assumed the risk the homeowner would allow others into the area. See *U. S. v. Martinez,* 450 F. (2d) 864 (8th Cir. 1971); *Frazier v. Cupp,* 394 U. S. 731 at 740, 89 S. Ct. 1420, 22 L. Ed. 684 (2d) (1969).

We recognize that a landlord may not validly consent to a search of a tenant's room. *Chapman v. U. S.,* 365 U. S. 610, 81 S. Ct. 776, 5 L. Ed. (2d) 828 (1961); *U. S. v. Williams,* 523 F. (2d) 64 (8th Cir. 1975), cert. denied, 423 U. S. 1090, 96 S. Ct. 884, 47 L. Ed. (2d) 101. Similarly, a hotel manager may not effectively consent to a search of a guest's room. *Stoner v. California,* 376 U. S. 483, 84 S. Ct. 889, 11 L. Ed. (2d) 856 (1964); *U. S. v. Goldenstein,* 456 F. (2d) 1006 (8th Cir. 1972), cert. denied, 416 U. S. 943, 94 S. Ct. 1951, 40 L. Ed. (2d) 295.

In this case there is no evidence that appellant was renting the room he shared with the owner's daughter. We hold that where no landlord-tenant situation exists, a host can validly consent to a search of his premises occupied by a guest. *U. S. v. Buckles,* 495 F. (2d) 1377 (8th Cir. 1974); *U. S. v. White,* 268 F. Supp. 998 (D. C. D. C. 1966). Moreover, while we do not adopt a rigid rule to be applied in every case, we believe the police should be allowed to rely on the consent of the owner and on the general appearances of the situation.

Affirmed.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.