## 22220

Gary R. KNIGHT, Appellant, v. STATE of South Carolina, Respondent.
(325 S. E. (2d) 535)

Supreme Court

*Asst. Appellate Defender William Isaac Diggs,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

Heard May 9, 1984.

Decided Jan. 23, 1985.

*Per Curiam:*

Appellant Gary R. Knight filed a notice of intent to appeal after the denial of post-conviction relief. His petition for writ of certiorari presented three questions for review. We granted certiorari to consider: (1) whether appellant met his burden of showing that a timely request was made of counsel to perfect a direct appeal; and (2) whether Rule 9 of the Post-

Conviction Procedure Rules[1] violates Article V, § 5, of the South Carolina Constitution.

Rule 9 of the Post-Conviction Procedure Rules established a procedure for this Court's review of final judgments in post-conviction relief cases. It provides for a review of such judgments through a writ of certiorari. Appellant asserts that Article V, § 5, of the South Carolina Constitution and S. C. Code Ann. §§ 14-3-330 and 18-9-10 (1976) create an appeal of right. Therefore, he argues, our procedure for review through certiorari violates Article V, § 5.

Under Article V, § 5 of the South Carolina Constitution, the Supreme Court has appellate jurisdiction in law cases to correct errors of law "under such regulations as the General Assembly may prescribe." In passing the Uniform Post-Conviction Relief Act, S. C. Code Ann. §§ 17-27-10 to -120 (1976), the General Assembly has prescribed a regulation for the correction of errors of law in post-conviction cases. The appeals provision of the Act, S. C. Code Ann. § 17-27-100 (1976), reads as follows:

> A final judgment entered under this chapter may be reviewed by the Supreme Court of this State on appeal brought either by the applicant or the State in accordance with laws governing appeals from the circuit court in civil cases.

This section clearly makes appellate review under the Act discretionary with this Court.

Section 17-27-110 provides that "[t]he Supreme Court may adopt such rules as it shall deem necessary to effectuate the purposes of" the Uniform Post-Conviction Relief Act. In accordance with this statute, we adopted the Post-Conviction Procedure Rules. We hold that Rule 9 complies with the discretionary review prescribed by the legislature and therefore does not violate Article V, § 5, of the South Carolina Constitution.

Appellant next contends he met his burden of proving he timely requested trial counsel to perfect an appeal. The lower

---

[1] Now Supreme Court Rule 50(9). After appellant filed his notice of appeal in this case the Post-Conviction Procedure rules became Rule 50 of the Rules of this Court.

court found he was not unconstitutionally deprived of the right to a direct appeal.

Our scope of review in post-conviction relief cases is ██ limited to whether there is any evidence to support the lower court's finding of facts. *Daniel v. State*, S. C., 317 S. E. (2d) 746 (1984); *Webb v. State*, 281 S. C. 237, 314 S. E. (2d) 839 (1984). The record contains uncontradicted testimony that appellant timely requested his trial attorney to appeal the case. Because there is no evidence to support the lower court's ruling, we will review alleged trial errors pursuant to our decision in *White v. State*, 263 S. C. 110, 208 S. E. (2d) 35 (1974).

Appellant alleges that a hatchet was improperly admitted at his trial on housebreaking and grand larceny charges because that evidence was the fruit of an illegal search and seizure. We disagree.

Officer O'Shields testified at trial that he was dispatched to investigate the report of a suspicious car parked in the driveway of a vacant house. As he entered the neighborhood, he spotted a car being driven with its headlights turned off. The officer stopped the car and asked the driver, Terry Nix, and his passenger, appellant, to get out. When the officer looked into the car with his flashlight, he noticed a hatchet lying on the front floorboard. After Nix stated that the hatchet belonged to him, the officer asked if he could keep it. Nix stated he had no objections. Appellant and Nix were then allowed to leave.

Appellant argues the seizure of the hatchet was illegal ██ because the officer lacked probable cause for stopping the vehicle. However, a police officer may stop an automobile and briefly detain its occupants, even without probable cause to arrest, if he has a reasonable suspicion that the occupants are involved in criminal activity. *State v. Dean*, S. C., 317 S. E. (2d) 744 (1984); *State v. Gilbert*, 273 S. C. 690, 258 S. E. (2d) 890 (1979). Under the circumstances here, the police officer was completely justified in stopping the car in which appellant was a passenger.

In our opinion, the warrantless seizure of the hatchet ██ was proper under the consent exception to the warrant requirement. Under the totality of the circumstances, the voluntariness of Nix's consent is established by the re-

cord, *State v. Wallace*, 269 S. C. 547, 238 S. E. (2d) 675 (1977); *State v. Middleton*, 266 S. C. 251, 222 S. E. (2d) 763 (1976), and it was reasonable for the officer to rely on that consent, *State v. Bailey*, 276 S. C. 32, 274 S. E. (2d) 913 (1981); *State v. Moultrie*, 271 S. C. 526, 248 S. E. (2d) 486 (1978). The hatchet was properly allowed into evidence.

The alleged trial error raised by appellant is without merit. Accordingly, the judgment of the lower court is

Affirmed.