22498

The STATE, Respondent v. Steven PRESSLEY, Appellant.

(341 S. E. (2d) 626)

Supreme Court

---

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Carlisle Roberts, Jr.,* Columbia; and *Sol. Wade S. Kolb, Jr.,* of Sumter, *for respondent.*

Heard Jan. 20, 1986.

Decided March 12, 1986.

FINNEY, Justice:

Appellant, Steven Pressley, was convicted of armed robbery, housebreaking, and grand larceny by a jury trial in his absence. We affirm.

On July 2, 1984, the house of Mr. and Mrs. Hall was broken into and burglarized. The Halls returned to their residence

while the perpetrator of the crimes was still on the premises. They were robbed at gunpoint of approximately one thousand five hundred ($1,500.00) dollars. He also took a watch, ring, and the keys to their car in which he escaped. Steven Pressley was arrested and confessed to the crimes. After a bond hearing was held for Pressley, he escaped from jail. While a fugitive, Pressley was tried by a jury and found guilty as charged. He was represented at trial by his court appointed attorney.

Appellant alleges the trial judge erred in admitting the watch and the ring into evidence because the search of Mrs. McClam's residence, where the items were recovered, was not authorized by valid consent.

A third party may grant consent to search the premises if they possess "common authority" over or "sufficient relationship" to the premises or effects sought to be inspected. *United States v. Matlock*, 415 U. S. 164, 94 S. Ct. 988, 39 L. Ed. (2d) 242 (1974); *State v. Middleton*, 266 S. C. 251, 222 S. E. (2d) 763 (1976), vacated, 429 U. S. 807, 97 S. Ct. 44, 50 L. Ed. (2d) 69, *on remand*, 268 S. C. 152, 232 S. E. (2d) 342 (1977), *cert. denied*, 434 U. S. 878, 98 S. Ct. 230, 54 L. Ed. (2d) 157 (1977).

Mrs. McClam did not relinquish control over her premises simply because Pressley resided at her house on occasion. As in *State v. Moultrie*, 271 S. C. 526, 248 S. E. (2d) 486 (1978), Pressley was a *guest* in Mrs. McClam's house and she maintained "common authority" and "sufficient relationship" to the premises to consent to the search. There is no evidence that a landlord/tenant relationship existed between Mrs. McClam and Pressley, which would have invalidated the consent to search. *Chapman v. United States*, 365 U. S. 610, 81 S. Ct. 776, 5 L. Ed. (2d) 828 (1961); *State v. Loftin*, 276 S. C. 48, 275 S. E. (2d) 575 (1981).

Appellant alleges the trial judge erred in permitting a shirt to be introduced into evidence because the warrant under which the shirt was seized was not supported by probable cause.

As reaffirmed in *Illinois v. Gates*, 462 U. S. 213, 103 S. Ct. 2317, 76 L. Ed. (2d) 527 (1983), a magistrate must view the totality of the circumstances set forth in the affidavit before him in determining whether there is a fair probability that

contraband or evidence of a crime will be found in a particular place. Determination of probable cause to search made by a neutral and detached magistrate is entitled to substantial deference. *Id.*

There is no allegation that the magistrate abandoned his neutral and detached role, nor is there any evidence to show that the officers were reckless or dishonest and could not have harbored an objectively reasonable belief in the existence of probable cause. See *United States v. Leon*, ____ U. S. ____, 104 S. Ct. 3405, 82 L. Ed. (2d) 677 (1984). The duty of this Court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates, supra.*

In viewing the entire record, particularly the citizen's report and the information received from a confidential reliable informant, we find that the magistrate had a substantial basis for concluding probable cause existed to authorize a search of the home of appellant's aunt where he sometimes resided. Although the shirt seized was not named in the warrant, it was in plain view and matched the description given by the Halls. The officers properly confiscated the shirt and it was properly admitted into evidence.

Appellant alleges the detective's testimony regarding Mrs. McClam's consent to the search of her home and appellant's attorney informing the detective that appellant was willing to talk is hearsay and should not have been admitted into evidence. We disagree.

The use of hearsay evidence in a hearing before a judge to determine the admissibility of evidence is generally proper, and does not violate a defendant's rights of due process and confrontation. *U. S. v. Matlock*, 415 U. S. 164, 94 S. Ct. 988, 39 L. Ed. (2d) 242 (1974). The trial judge properly allowed the detective's testimony, and appellant was not prejudiced thereby.

Appellant alleges that it is error to convict him of both armed robbery and grand larceny because, in this particular case, grand larceny is a lesser included offense of armed robbery and violative of his constitutional right against double jeopardy. This Court granted the State permission to argue against precedent established in *State v. Lawson*, 279

S. C. 266, 305 S. E. (2d) 249 (1983), pursuant to Supreme Court Rule 8, Section 10.[1]

■ We do not find it necessary in this case to decide whether grand larceny is a lesser included offense of armed robbery. Assuming *arguendo* that grand larceny is a lesser included offense of armed robbery, the error is harmless because appellant's ten year sentence for grand larceny runs *concurrent* with his twenty-five year sentence for armed robbery. Since the grand larceny sentence did not exceed the lawfully imposed armed robbery sentence, the conviction may be affirmed. See *e.g. Roviaro v. United States*, 353 U. S. 53, 77 S. Ct. 623, 1 L. Ed. (2d) 639 (1957).

Appellant alleges he was improperly tried in his absence.

■ The record reveals that Pressley escaped from lawful detention after a bond hearing was held. The trial judge made a specific finding that appellant was served with the arrest warrants, and that he was advised of his right to be present at trial. Without further discussion, we find no merit in this exception and affirm pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.

---

[1] We do not at this time overrule or modify this Court's decision in *State v. Lawson*.