## 24140

Delaney Thomas SIKES, Petitioner v. STATE of South Carolina, Respondent.
(448 S.E. (2d) 560)

Supreme Court

*Lisa T. Gregory, Asst. Appellant Defender, Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* and *Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for respondent.*

Submitted Apr. 20, 1994.

Decided Sept. 6, 1994; Reh. Den. Oct. 5, 1994.

TOAL, Justice:

We granted certiorari to review the dismissal of Delaney Thomas Sikes' (Sikes) application for postconviction relief (PCR). Sikes contends that the PCR judge erred in finding that he received effective assistance of counsel. We agree and reverse.

## FACTS

Police arrested Sikes on an outstanding warrant during a routine traffic stop. When removing Sikes from the patrol car at the police station, an officer found a bag of crack cocaine in the back seat. Sikes was convicted of possession with intent to distribute and subsequently filed a PCR application alleging that his attorney was ineffective in failing to challenge the admissibility of the cocaine at trial on the ground that his seizure at the traffic stop was unlawful.

The record indicates that police, while in a high-crime area, stopped the vehicle in which Sikes was a passenger because it had paper tags which, according to the officers, indicated that the car may have been stolen or lacked insurance. After stopping the car, police requested identification from the driver and the passengers, Sikes, and his common-law wife, Jacqueline Hardin. Sometime after obtaining Sikes' identification, police searched him for weapons and placed him in the patrol

car where he was detained for at least twenty minutes. At the PCR hearing, counsel testified that he did not challenge police detention of Sikes because "it didn't appear to [him] that they (the police) were doing anything out of the ordinary." The PCR judge dismissed the application after a hearing, finding that counsel was not ineffective because his decision not to challenge the seizure was a strategic choice designed to minimize the impact of testimony regarding the outstanding warrant for Sikes' forgery charges. We granted certiorari.

## LAW/ANALYSIS

Sikes contends that the PCR judge erred in ruling that he received effective assistance of counsel when his counsel did not move to suppress evidence that was obtained in violation of the Fourth Amendment of the United States Constitution. We agree.

To establish a claim of ineffective assistance of counsel, petitioner must show counsel's representation fell below an objective standard of reasonableness and that defendant was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Gallman v. State*, 307 S.C. 273, 414 S.E. (2d) 780 (1992). When the defendant claims that counsel's failure to articulate a Fourth Amendment claim was ineffective assistance, defendant must show that such claim is meritorious and that the verdict would have been different absent the evidence that should have been excluded. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed. (2d) 305 (1986).

When an officer stops a vehicle for a traffic violation, he may *briefly* detain the vehicle and its occupants while he examines the vehicle registration and the driver's license. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed. (2d) 660 (1979) (emphasis added.) Although Sikes does not challenge the officers' initial stop of the automobile, Sikes claims that the officers improperly seized him to run a warrant check with no reasonable cause. An individual is "seized" when an officer restrains his freedom, even if the detention is brief and falls short of arrest. The scope and duration of seizure must be strictly tied to and justified by the circumstances which rendered its initiation proper. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. (2d) 889 (1968). In

South Carolina, we have gone a little further by holding that an officer may stop a car and briefly detain the occupants if he has a *reasonable suspicion* that the occupants are involved in *criminal activity. Knight v. State*, 284 S.C. 138, 325 S.E. (2d) 535 (1985) (emphasis added).

Petitioner was merely a passenger in a car with paper dealer tags that had the misfortune of being in a "high crime area."[1] The arresting officers readily admitted the only reason they stopped the car was because vehicles with paper tags are often stolen or lack insurance. While the car was stopped, the officers asked for the identification of both the driver and the Petitioner. They then removed the Petitioner from the car and placed him in the back of the patrol car for twenty minutes while they conducted their investigation. At the end of twenty minutes, after diligently searching for evidence of criminal activity, the officers discovered that: the car was not stolen, the driver had insurance, and that there was an outstanding forgery warrant for Petitioner. The Petitioner was arrested and transported to jail. A search of the back seat of the patrol car revealed a bag containing several pieces of crack cocaine. The record contains evidence that Petitioner was searched twice prior to his placement into the police car.

Here the officers' "reasonable suspicion" was that the car was either stolen or that the driver was uninsured.

Under *Knight, supra*, neither of these reasons gave the officers the right to seize or question the car's passenger. Moreover, even assuming *arguendo* that this stop was reasonable, certainly a twenty-minute detention while the officers "went fishing" for evidence of some crime was not brief within the definition announced in *Prouse, supra*, or in *Knight, supra. See also State v. Damm*, 246 Kan. 220, 787 P. (2d) 1185 (1990) (seizure of occupants of the vehicle while routine records checks were made of the occupants was unreasonable); *State v. Johnson*, 805 P. (2d) 761 (Utah 1991) (the leap from asking for the passenger's name and date of birth to running a warrants check on her severed the rational inference from specific and articulable facts and degenerated into an attempt to support an as yet unparticularized suspicion or hunch).

---

[1] The lesson here is that if you live in or near a "high crime area" do not purchase a new car.

The detention and arrest of the Petitioner was unlawful; therefore, the evidence of the Petitioner's possession of crack cocaine would have been inadmissible as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. (2d) 441 (1963); *State v. Plath*, 277 S.C. 126, 284 S.E. (2d) 221 (1981). Trial counsel testified at the post-conviction relief hearing that he did not challenge the stop because "it didn't appear to me they were asking him to do anything out of the ordinary." The postconviction relief court found the trial counsel's decision was a matter of proper trial strategy; however, this can not be correct in the face of such a blatant violation of Petitioner's Fourth Amendment rights.

Having found in this record that Sikes's Fourth Amendment claim is meritorious, we must determine if he has satisfied the performance and prejudice prongs of *Strickland*. At the PCR hearing, Sikes' trial counsel testified that he did not question Sikes' seizure because it didn't appear to him that "they [the officers] were asking him to do anything out of the ordinary." Because counsel's failure to motion to suppress evidence was based on the fact that he thought the officers' action were justified, we find counsel's decision fell below an objective standard of reasonableness. Additionally, because the unlawfully obtained evidence was the only evidence of Sikes' possession of cocaine, we find that counsel's performance prejudiced Sikes such that it rendered the proceeding fundamentally unfair. *See Lockhard v. Fretwell*, — U.S. —, —, 113 S.Ct. 838, 844, 122 L.Ed. (2d) 180 (1993).

In our view, the PCR judge's finding that Sikes received effective assistance of counsel is not supported by the record. *See Gallman v. State*, 307 S.C. 273, 414 S.E. (2d) 780 (1992). "A PCR judge's findings will not be upheld if such findings are not supported by probative evidence." *Id.* at 277, 414 S.E. (2d) at 782. Based on our holding, we need not address Sikes' remaining exception. Accordingly, the PCR judge is REVERSED.

CHANDLER and FINNEY, JJ., concur.

MOORE, J., dissenting in separate opinion.

HARWELL, C.J., not participating.

MOORE, Justice, dissenting:

I respectfully dissent. At the PCR hearing, Sikes did not claim the initial stop of the car was unlawful. Further, Sikes did not raise the issue regarding the length of the subsequent warrants check. Therefore, these issues are not properly before the Court. *Hyman v. State*, 278 S.C. 501, 299 S.E. (2d) 330 (1983) (issues not raised or ruled upon below are not preserved for review).

Sikes claims the officers improperly seized him without probable cause only when they requested identification. The PCR judge ruled the officers' request for identification was not a fourth amendment seizure. I agree. A request for identification by police does not, by itself, constitute a fourth amendment seizure. *I.N.S. v. Delgado*, 466 U.S. 210, 215, 104 S.Ct. 1758, 1762, 80 L.Ed. (2d) 247 (1984); *see State v. Foster*, 269 S.C. 373, 237 S.E. (2d) 589 (1977). The PCR judge's finding that Sikes received effective assistance of counsel is supported by the record. Therefore, I would affirm the PCR judge's order.