629 S.E.2d 679

**The STATE, Respondent,**

v.

**James E. ROGERS, Appellant.**

**No. 4093.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2006.
Decided March 13, 2006.
Rehearing Denied May 18, 2006.

530

David Craig Brown, of Florence, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.

HUFF, J.:

Appellant, James Rogers, was tried for and convicted of accessory before the fact of armed robbery. He appeals, asserting the trial judge erred in failing to suppress evidence of money found in the back of a police car because it was the fruit of an illegal stop. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On January 31, 2002, a man with a gun walked into Cash U.S.A., demanded money from the assistant manager of the business, and left with over $1,000. Thereafter, the Williamsburg County Grand Jury indicted Rogers, along with Cortez

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Brown, Kajuna Mitchum, and Quantrell Wilson, with various offenses concerning the armed robbery at Cash U.S.A.

At the start of the case, Rogers made a pretrial motion to suppress money evidence in this case arguing it was the result of an illegal stop. Rogers asserted the money, found in the back of a police car after he was transported in the car, was fruit of the poisonous tree because the authorities did not have probable cause to stop the vehicle in which Rogers was riding. The trial court held an in camera hearing, at which time the State presented the testimony of Sergeant Shannon Coker with the Kingstree Police Department.

Sergeant Coker testified that around 2:15 p.m. on January 31, he received a call from a confidential informant who was working with the Kingstree Police Department on various cases. He then met with the informant, who told Sergeant Coker about a robbery that was to take place that afternoon at the Cash U.S.A. on Long Street. He told the officer the individuals who would be involved in the armed robbery were James Rogers, Quantrell Wilson, Cortez Brown, and Kajuna Mitchum. The informant also stated the men were supposed to use a white Honda automobile that Rogers had been seen driving. The confidential informant told Sergeant Coker that he heard a conversation regarding the armed robbery that was supposed to take place, including where it would occur, the vehicle used, and the individuals involved. This discussion occurred on the afternoon before the robbery. Sergeant Coker remembered that the informant identified at least one of the co-defendants, Kajuna Mitchum, as having been involved in this conversation. Sergeant Coker testified he had used the confidential informant that provided the information about the robbery numerous times in the past, and the past information he had provided proved to be reliable.

The sergeant called his supervisor and relayed the information he had received. As he was driving the confidential informant home, a call came over the radio indicating there had been an armed robbery at the Cash U.S.A. The officer let the informant out of his vehicle and proceeded to the Pine Avenue area, where Rogers resided. While watching Rogers' house, he observed a white Honda with four occupants pull up to a stop sign and turn right onto Pine Avenue. The officer

pulled in behind the vehicle and recognized it as the vehicle in which Rogers had been seen. Sergeant Coker continued to follow the vehicle until his supervisor and other deputies arrived in the area. He then activated his blue lights.

Rogers exited the passenger side of the vehicle and the officers instructed him to get back into the vehicle. Rogers continued to walk away from the vehicle, and the vehicle "took off," leaving Rogers behind. Coker's supervisor dealt with Rogers while the sergeant engaged in a vehicle pursuit of the Honda.

Based on the testimony of Sergeant Coker, the trial judge denied Rogers' motion to suppress finding that there was reasonable suspicion, "based on sufficient facts to suspect that criminal activity was involved," such that the authorities had a reasonable basis to stop the car.

## STANDARD OF REVIEW

When reviewing a Fourth Amendment search and seizure case, the appellate standard of review is limited to determining whether any evidence supports the trial court's ruling. *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004). The appellate court will reverse only when there is clear error. *Id.*

## LAW/ANALYSIS

Rogers appeals his conviction arguing the trial judge erred in denying his motion to suppress the money found in the back seat of a police car in which he had been transported because it was tainted fruit seized as the result of an illegal stop. We disagree.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The stopping of a vehicle and the detention of its occupants constitute a seizure and implicate the Fourth Amendment's prohibition against unreasonable searches and seizures. *State v. Butler*, 353 S.C. 383, 389, 577 S.E.2d 498, 501 (Ct.App.2003) (citing *Delaware v. Prouse*, 440 U.S. 648, 653–54, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)). Our courts

have held that in South Carolina, an officer may stop and briefly detain the occupants of a car without treading on Fourth Amendment rights, even without probable cause to arrest, if he has a reasonable suspicion that the occupants are involved in criminal activity. *Id.*; *Sikes v. State*, 323 S.C. 28, 30–31, 448 S.E.2d 560, 562 (1994); *Knight v. State*, 284 S.C. 138, 141, 325 S.E.2d 535, 537 (1985). " '[A] policeman who lacks probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke that suspicion.' " *State v. Nelson*, 336 S.C. 186, 192, 519 S.E.2d 786, 789 (1999) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)).

" 'Reasonable suspicion' requires a 'particularized and objective basis that would lead one to suspect another of criminal activity.' " *State v. Khingratsaiphon*, 352 S.C. 62, 69, 572 S.E.2d 456, 459 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). "In determining whether reasonable suspicion exists, 'the totality of the circumstances—the whole picture—' must be considered." *Id.* (quoting *Cortez*, 449 U.S. at 417, 101 S.Ct. 690); *see also State v. Woodruff*, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct.App.2001) ("The term 'reasonable suspicion' requires a particularized and objective basis that would lead one to suspect another of criminal activity. In determining whether reasonable suspicion exists, the whole picture must be considered.") Reasonable suspicion is something more than an inchoate and unparticularized suspicion or hunch. *State v. Butler*, 343 S.C. 198, 202, 539 S.E.2d 414, 416 (Ct.App.2000). However, it is less than the level required for probable cause. *Id.*

Rogers contends there were insufficient indicia of reliability of the information provided by the confidential informant for the police to make an investigatory stop. Accordingly, Rogers maintains the stop was improper, and the trial judge therefore erred in allowing the introduction of any evidence as a result of the investigatory stop. We disagree.

In making his argument, Rogers relies on the case of *State v. Green*, 341 S.C. 214, 532 S.E.2d 896 (Ct.App.2000), which

relied on the case of *Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), both of which held an anonymous tip provided insufficient indicia of reliability to justify an investigatory stop. We find *Green* and *J.L.* clearly distinguishable from the case at hand. Both *Green* and *J.L.* involved investigatory stops based on *anonymous* tips, wherein the courts found the anonymous tips provided insufficient indicia of reliability to make an investigatory stop. Here, on the other hand, the tip was provided, not by an anonymous tipster, but a known confidential informant, whom the officers had used numerous times in the past and whose information had proved to be reliable. In *J.L.*, the United States Supreme Court noted, "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity." *J.L.*, 529 U.S. at 270, 120 S.Ct. 1375 (citations omitted). In *Green*, this court, citing to *J.L.*, stated as follows:

> The only information available to the officer was the statement of an unknown, unaccountable informant who neither explained how he knew about the money and narcotics, nor supplied any basis for the officer to believe he had inside information about Green. Since the telephone call was anonymous, the caller did not place his credibility at risk and could lie with impunity. Therefore, we cannot judge the credibility of the caller, and the risk of fabrication becomes unacceptable.

*Green*, 341 S.C. at 218, 532 S.E.2d at 898 (citations omitted).

In the case at hand, the officer received the information from a known, accountable informant whose reputation could be assessed and who explained how he knew about the planned robbery, thereby supplying a basis, outside of his already proven reliability, for Sergeant Coker to believe the confidential informant had inside information on the matter.

We further note, this case is distinguishable from *Green* and *J.L.* in that, at the time of the investigatory stop here, the officers knew that a crime had, in fact, already occurred. Here, the officers were not investigating the possibility that a crime may be occurring, but were investigating a crime that had occurred and had been independently reported.

The record shows a known and reliable informant provided Sergeant Coker with the names of four persons, including Rogers, that were planning to commit an armed robbery at the Cash U.S.A. on Long Street that afternoon, and indicated the men planned to use a white Honda automobile that Rogers had been seen driving. When Sergeant Coker received information that the robbery had just occurred, he drove to the area where Rogers lived, watched Rogers' house, and observed a white Honda with four occupants, the same number of people that the informant reported were to be involved in the robbery. As he pulled in behind the Honda, he recognized the vehicle as the one "Rogers had been in or had been seen to be in." Under the totality of the circumstances, we hold Officer Coker had a particularized and objective basis that would lead Sergeant Coker to suspect the occupants of the Honda had committed a crime such that reasonable suspicion existed to justify the investigatory stop. Accordingly, there is evidence to support the trial judge's findings and we find no error.

For the foregoing reasons, Rogers' conviction is

**AFFIRMED.**

HEARN, C.J., and BEATTY, J., concur.