**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cecil Allen Simmons, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-207147

Appeal From Horry County
Larry B. Hyman, Jr., Fourth Post-Conviction Relief Judge
Paula H. Thomas, Third Post-Conviction Relief Judge
Steven H. John, Resentencing Judge

Unpublished Opinion No. 2014-UP-413
Submitted September 1, 2014 – Filed November 26, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia, for Respondent.

**PER CURIAM:** Petitioner's third application for post-conviction relief (PCR) was denied and dismissed. Petitioner filed a fourth PCR application, alleging his third PCR counsel was ineffective for failing to appeal the denial of his third PCR. The fourth PCR court entered an order finding Petitioner is entitled to a belated review of his third PCR pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). The State concedes Petitioner is entitled to a belated review. We therefore grant Petitioner a belated review of his third PCR.

In his third PCR, Petitioner alleged he did not knowingly and intelligently waive his right to appeal from his resentencing hearing. The third PCR court found Petitioner was not entitled to a belated review of his resentencing because he did not request an appeal after he was informed of his right to appeal. We find no evidence supports the finding Petitioner was informed of his right to appeal; thus, we reverse the finding, dispense with further briefing of Petitioner's third PCR, and grant Petitioner a belated review of his resentencing pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). *See Palacio v. State*, 333 S.C. 506, 513, 511 S.E.2d 62, 66 (1999) (reversing the PCR court's finding because no evidence supported it).

Petitioner argues the resentencing court erred by ordering his sentence for kidnapping to run consecutively to his sentence for first-degree criminal sexual conduct. We find the resentencing court acted within its discretion in issuing a consecutive sentence. *See State v. Barton*, 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct. App. 1997) ("[W]hether multiple sentences should run consecutively or concurrently is a matter left to the sound discretion of the trial judge."). We further find the resentencing hearing transcript does not contain any evidence of partiality, prejudice, oppression, or corrupt motive by the resentencing court. *See id.* ("Absent partiality, prejudice, oppression, or corrupt motive, this [c]ourt lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute."). Accordingly, we dispense with briefing of Petitioner's direct appeal issue and affirm his sentence.

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.