**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Derrick Hollingsworth, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-000308

Appeal From Horry County
The Honorable J. Cordell Maddox, Jr., Circuit Court Judge

Memorandum Opinion No. 2015-MO-026
Submitted April 28, 2015 – Filed May 13, 2015

**REVERSED**

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Joshua L. Thomas, both of Columbia, for Respondent.

**PER CURIAM:** This matter is before the Court by way of a petition for a writ of certiorari from an order of the circuit court finding petitioner is entitled to a belated review of the denial of his first application for post-conviction relief (PCR) pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). Petitioner has

also filed a petition for a writ of certiorari pursuant to *Austin*. In the latter petition, petitioner argues only that the matter should be remanded for reconstruction of the record of his first PCR hearing because a transcript of the hearing is no longer available. The State has filed a motion to strike the *Austin* petition on the ground that it is not the proper method for requesting a remand for reconstruction of the record. The State also contends the Court should first determine if the PCR judge was correct in finding petitioner is entitled to an *Austin* review before taking such action. We agree and grant the petition for a writ of certiorari, dispense with further briefing and reverse the order of the circuit court finding petitioner is entitled to a belated review of the denial of his first PCR application. As such, the *Austin* petition, in which petitioner seeks a remand for reconstruction of the record, is denied as moot.

At the hearing on his second PCR application, petitioner testified his first PCR counsel informed him following the hearing on petitioner's first application that as soon as the application was denied "he'd get right on [an] appeal." Petitioner later testified, "Well, he said he was going to appeal it. I mean, I figured he was going to appeal it." Petitioner stated he knew nothing about the appeal process.

Petitioner testified PCR counsel never informed him the PCR application had been denied and it was not until 2011 that petitioner received the information from the Clerk of Court. Petitioner stated he wrote PCR counsel on two occasions, once six to eight months after the hearing and again one to two years later, inquiring whether an order had been issued by the PCR judge. Petitioner initially stated PCR counsel failed to reply to the first letter, but later stated PCR counsel did respond and informed petitioner an order had not been issued. Petitioner could not recall whether PCR counsel responded to the second letter. Petitioner also testified he sent PCR counsel a letter requesting a copy of his file and that counsel provided him with approximately 2,000 pages of documents, including the trial transcript and "loose papers," but petitioner denied the packet of information counsel provided included a copy of the order of dismissal. Petitioner stated he wrote to the Clerk of Court and the PCR judge before he was finally informed by the Clerk in 2011 that the application had been denied. When asked if he had received any notice prior to 2011 that his application had been denied, petitioner stated he had "no paperwork" until 2011. Petitioner testified that had he known his application had been dismissed he would have filed a notice of appeal.

PCR counsel testified that at the conclusion of the hearing on petitioner's first PCR application, he met with petitioner briefly and told petitioner that if he disagreed with the PCR judge's ultimate ruling he had the right to appeal but he would have

to do so within thirty days after receipt of the order. Counsel denied telling petitioner he would file an appeal for him. Counsel testified he typically discusses with clients "what went on," what his thoughts are, and the right to appeal. Counsel stated petitioner did not express a desire to appeal, but he never stated he did not want to appeal. Counsel could not recall sending petitioner a copy of the order of dismissal when he received it and could not find a transmittal letter in his file indicating the order had been sent to petitioner.

PCR counsel testified the only correspondence he recalled receiving from petitioner was a letter in January of 2007 in which petitioner requested "a complete and unabridged case file in his case, all motions, briefs, court orders, all transcripts, and whatnot." Counsel testified he "had the secretary gather copies of the file, make copies of the file, and sent it to him pursuant to his request." Counsel testified there was a copy of the order of dismissal in the file which was sent to petitioner, as reflected by a letter counsel enclosed with the file outlining its contents.

The PCR judge issued an order granting relief. However, the order misrepresents the testimony provided by petitioner and PCR counsel at the PCR hearing and misstates the law on this issue. The order states that "[s]ince it is conceded that [petitioner's] initial PCR counsel neither filed an appeal nor advised [petitioner] of his right to appeal within the time for him to file one, [petitioner] must be given that right at this time." It was not conceded that PCR counsel did not advise petitioner of his right to appeal.

The order also states that, "[a]ccording to *Austin v. State of South Carolina*, 409 S.E.2d 395 (S.C. 1991), the failure of PCR counsel to seek appellate review of a denial of PCR is in and of itself ineffective assistance of counsel. PCR counsel is required to brief and argue any colorable issues in order to safeguard the right to appeal." This misrepresents the holding in *Austin*. In *Austin*, *supra*, the Court remanded for an evidentiary hearing on whether Austin *requested and was denied* an opportunity to seek appellate review.[1] The Court instructed that if the circuit court found Austin in fact requested and was denied such an opportunity, the Court would review whether Austin was prejudiced by the failure to obtain review of a meritorious issue using an analysis akin to that of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 6674 (1984). The Court further instructed that if the circuit court found Austin never in fact sought discretionary review, he

---

[1] Rule 71.1(g), SCRCP, states that if a PCR applicant represented by counsel *desires to appeal*, counsel shall serve and file a notice of appeal.

could appeal that finding and the Court would review the appeal based on the normal "any evidence" standard.

Here, both petitioner and PCR counsel testified petitioner was informed at the conclusion of the PCR hearing of his right to appeal. Moreover, petitioner's testimony that PCR counsel stated he would file an appeal was equivocal. Petitioner did not testify he asked counsel to appeal or otherwise indicated to counsel that he wanted to appeal the denial of his PCR application. PCR counsel, on the other hand, testified that while he informed petitioner of his right to appeal, he never told petitioner he would file an appeal and petitioner never requested he file an appeal. Accordingly, because we conclude the PCR judge's findings are not supported by the record, the order finding petitioner is entitled to a belated review of the denial of his first PCR application is

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**