**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James B. Miller, Appellant.

Appellate Case No. 2015-002664

———————

Appeal From Lexington County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-086
Submitted January 1, 2018 – Filed February 14, 2018

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, and Solicitor Samuel R. Hubbard, III, of Lexington, for Respondent.

———————

**PER CURIAM:** James B. Miller appeals his convictions for possession of altered pseudoephedrine and manufacturing methamphetamine. On appeal, Miller argues the trial court erred by (1) denying his motion to suppress evidence found at the

crime scene and (2) denying his motion for a mistrial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Miller's motion to suppress: *State v. Taylor*, 360 S.C. 18, 23, 598 S.E.2d 735, 737 (Ct. App. 2004) ("The admission of evidence is addressed to the sound discretion of the trial [court]."); *State v. Moore*, 377 S.C. 299, 306, 659 S.E.2d 256, 259-60 (Ct. App. 2008) ("In an appeal from a motion to suppress evidence based on Fourth Amendment grounds, our review is limited to determining whether any evidence supports the [trial] court's decision."); *State v. Missouri*, 361 S.C. 107, 112, 603 S.E.2d 594, 596 (2004) ("To claim protection under the Fourth Amendment . . . , defendants must show that they have a legitimate expectation of privacy in the place searched."); *State v. Robinson*, 396 S.C. 577, 584, 722 S.E.2d 820, 823 (Ct. App. 2012) ("While an overnight guest may have a reasonable expectation of privacy in the host's property, 'a person present only intermittently or for a purely commercial purpose does not have a reasonable expectation of privacy.'" (quoting *State v. Flowers*, 360 S.C. 1, 5, 598 S.E.2d 725, 728 (Ct. App. 2004))); *Flowers*, 360 S.C. at 5, 598 S.E.2d at 728 ("A reasonable expectation of privacy exists when the defendant has a relationship with the property or property owner."); *State v. Counts*, 413 S.C. 153, 172, 776 S.E.2d 59, 70 (2015) (holding law enforcement must have reasonable suspicion of illegal activity at a targeted residence prior to approaching the residence and conducting a "knock and talk" to safeguard the express state constitutional right against unreasonable invasions of privacy); *Davis v. United States*, 564 U.S. 229, 232 (2011) (holding the exclusionary rule does not apply when police conduct a search in objectively reasonable reliance on binding appellate precedent).

2. As to whether the trial court erred in denying Miller's motion for a mistrial: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("The granting of a motion for mistrial is an extreme measure that should be taken only when the incident is so grievous the prejudicial effect can be removed in no other way."); *id.* ("[A] defendant must show both error and resulting prejudice to be entitled to a mistrial."); *State v. Harris*, 382 S.C. 107, 119, 674 S.E.2d 532, 538 (Ct. App. 2009) ("It is well known '[a] curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission.'" (quoting *State v. Walker,*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

366 S.C. 643, 658, 623 S.E.2d 122, 130 (Ct. App. 2005))); *State v. Grovenstein*, 335 S.C. 347, 353, 517 S.E.2d 216, 219 (1999) ("[J]urors are presumed to follow the law as instructed to them.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**