**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Evelyn Christine Nixon, Appellant.

Appellate Case No. 2016-002170

_____

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

_____

Unpublished Opinion No. 2018-UP-232
Submitted May 1, 2018 – Filed June 6, 2018

_____

**AFFIRMED**

_____

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v.*

*Flowers*, 360 S.C. 1, 5, 598 S.E.2d 725, 727 (Ct. App. 2004) ("[T]he appellate standard of review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial court's finding and the appellate court may only reverse where there is clear error." (alteration in original) (quoting *State v. Green*, 341 S.C. 214, 219 n.3, 532 S.E.2d 896, 898 n.3 (Ct. App. 2000))); *State v. Morris*, 411 S.C. 571, 578, 769 S.E.2d 854, 858 (2015) ("In carrying out a routine traffic stop, law enforcement may request a driver's license and vehicle registration, run a computer check, and issue a citation; however, any further detention for questioning is beyond the scope of the stop and therefore illegal unless the officer has reasonable suspicion of a serious crime."); *id.* ("To determine whether reasonable suspicion exists, an officer, by a totality of the circumstances, must have a 'particularized and objective basis for suspecting the particular person stopped of criminal activity.'" (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981))); *id.* ("Reasonable suspicion does not entail a set of legal rules, but 'entails common sense, nontechnical conceptions that deal with factual and practical considerations of everyday life on which reasonable and prudent persons, not legal technicians, act.'" (quoting *United States v. Foreman*, 369 F.3d 776, 781 (4th Cir. 2004))); *State v. Willard*, 374 S.C. 129, 134, 647 S.E.2d 252, 255 (Ct. App. 2007) ("Reasonable suspicion is more than a general hunch but less than what is required for probable cause."); *Terry v. Ohio*, 392 U.S. 1, 27 (1968) ("[T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."); *State v. Banda*, 371 S.C. 245, 253, 639 S.E.2d 36, 40 (2006) ("This [c]ourt has recognized that because of the 'indisputable nexus between drugs and guns,' where an officer has reasonable suspicion that drugs are present in a vehicle lawfully stopped, there is an appropriate level of suspicion of criminal activity and apprehension of danger to justify a frisk of . . . the driver . . . in the absence of other factors alleviating the officer's safety concerns." (quoting *State v. Butler*, 353 S.C. 383, 391, 577 S.E.2d 498, 498 (Ct. App. 2003))).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.