**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Adrian Lesston, Appellant.

Appellate Case No. 2016-002470

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2019-UP-012
Submitted November 1, 2018 – Filed January 9, 2019

**AFFIRMED**

Christopher Reginald Geel, of Geel Law Firm, LLC, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Adrian Lesston appeals his conviction for possession with intent to distribute cocaine base, for which the trial court sentenced him to five years' imprisonment. Lesston argues the trial court abused its discretion in denying his

motion to suppress the drugs found within his pant pockets.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.

As to whether the trial court erred in denying Lesston's motion to suppress because the search violated his Fourth Amendment rights: *State v. Robinson*, 410 S.C. 519, 526, 765 S.E.2d 564, 568 (2014) ("Because the admission of evidence is within the sound discretion of the trial court, appellate courts should not reverse the decision of the trial court absent an abuse of discretion."); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court]'s ruling if there is *any* evidence to support the ruling."); *Robinson*, 410 S.C. at 530, 765 S.E.2d at 570 ("Each party has the burden to prove separate things during the motion to suppress."); *id.* ("[T]he criminal defendant retains the burden to establish that he is asserting his own Fourth Amendment rights, rather than vicariously asserting the rights of others; therefore, the defendant bears the burden to demonstrate that he had an actual and reasonable expectation of privacy in the place illegally searched."); *State v. McKnight*, 291 S.C. 110, 115, 352 S.E.2d 471, 473 (1987) ("The defendant who seeks to suppress evidence on Fourth Amendment grounds must demonstrate *a legitimate expectation of privacy in connection with the searched premises* in order to have standing to challenge the search." (emphasis added)); *Missouri*, 361 S.C. at 112, 603 S.E.2d at 596 ("A legitimate expectation of privacy is both subjective and objective in nature: the defendant must show (1) he had a subjective expectation of not being discovered, and (2) the expectation is one that society recognizes as reasonable."); *Robinson*, 410 S.C. at 527-28, 765 S.E.2d at 568-69 ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by *a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed*." (emphasis added) (quoting *Rakas v. Illinois*, 439 U.S. 128, 134 (1978))); *State v. Robinson*, 396 S.C. 577, 584, 722 S.E.2d 820, 823 (Ct. App. 2012) ("While an overnight guest may have a reasonable expectation of privacy in the host's property, 'a person present only intermittently or for a purely commercial purpose does not have a reasonable expectation of privacy.'" (quoting *State v. Flowers*, 360 S.C. 1, 5, 598 S.E.2d 725, 728 (Ct. App. 2004))), *aff'd as modified*, 410 S.C. 519, 765 S.E.2d 564 (2014).

As to whether the trial court erred in denying Lesston's motion to suppress because the search violated his right to privacy under the South Carolina Constitution: *State v. Watts*, 321 S.C. 158, 167, 467 S.E.2d 272, 278 (Ct. App. 1996) ("To be

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

preserved for appellate review, an issue must be both presented to and passed upon by the trial court. If the issue is raised but not ruled on, it is not preserved for appeal.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**