**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Soleiman H. Hattar, Appellant.

Appellate Case No. 2016-002246

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2019-UP-348
Submitted October 1, 2019 – Filed October 23, 2019

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Flowers*, 360 S.C. 1, 5, 598 S.E.2d 725, 727 (Ct. App. 2004) ("[T]he appellate

standard of review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial court's finding and the appellate court may only reverse where there is clear error." (quoting *State v. Green*, 341 S.C. 214, 219 n.3, 532 S.E.2d 896, 898 n.3 (Ct. App. 2000))); *State v. Moore*, 415 S.C. 245, 251, 781 S.E.2d 897, 900 (2016) ("The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently." (quoting *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005))); *Moore*, 415 S.C. at 251, 781 S.E.2d at 900 ("Rather, appellate courts must affirm if there is any evidence to support the trial court's ruling."); *Pichardo*, 367 S.C. at 104, 623 S.E.2d at 851 ("A routine stop constitutes a Fourth Amendment seizure so that when the purpose justifying the stop is exceeded, the detention becomes illegal unless a reasonable suspicion of some other crime exists."); *id.* ("The term 'reasonable suspicion' requires a particularized and objective basis that would lead one to suspect another of criminal activity."); *id.* ("In determining whether reasonable suspicion exists, the whole picture must be considered."); *Michigan v. Long*, 463 U.S. 1032, 1049 (holding "the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.