23256

Joseph R. AUSTIN, Petitioner v. STATE of South Carolina, Respondent.

(409 S.E. (2d) 395)

Supreme Court

*D. Mark Stokes, Asst. Appellate Defender, South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Attys. Gen. Frank L. Valenta, Jr.,* and *Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted May 17, 1988.

Decided Sept. 9, 1991.

*Per Curiam:*

This case is before the Court on a Petition for Rehearing. Opinion number 23256, filed August 27, 1990, is withdrawn and the following Opinion is substituted as the Opinion of this

Court. This case involves an appeal from the summary dismissal of petitioner's application for post-conviction relief (PCR). We reverse and remand for an evidentiary hearing.

Petitioner's original application for PCR was denied after a hearing. Petitioner subsequently filed this application alleging only that his PCR counsel was ineffective in failing to seek appellate review of the denial of PCR.

The right to seek appellate review of the denial of PCR is expressly authorized by state law. S.C. Code Ann. § 17-27-100 (1985); Supreme Court Rule 50(9). Whether such review is granted is discretionary with this Court. *Knight v. State*, 284 S.C. 138, 325 S.E. (2d) 535 (1985).

While we are aware the constitutional right to counsel does not extend to discretionary appeals on collateral attack, we have ruled that *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), shall continue to apply in PCR matters. *Johnson v. State*, 294 S.C. 310, 364 S.E. (2d) 201 (1988); *compare Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. (2d) 539 (1987). *Anders* requires appellate counsel to brief arguable issues, despite counsel's belief the appeal is frivolous, as a safeguard of the right to appeal. In applying *Anders* on PCR, we have recognized a prisoner's right to the assistance of appellate counsel in seeking review of the denial of PCR. Supreme Court Rule 50(6) expressly provides for the appointment of counsel to seek appellate review on PCR.

Because petitioner is entitled to the assistance of appellate counsel on PCR, and because we must craft a remedy to correct the unfairness which has occurred, we find his allegation that counsel failed to seek review in this case sufficiently states a claim of ineffective assistance.[1] We therefore remand for an evidentiary hearing on the issue of whether in fact the petitioner requested and was denied an opportunity to seek appellate review. If the circuit court finds this to be true, this Court shall review whether the petitioner was prejudiced by the failure to obtain review of a meritorious issue. In deciding

---

[1] *But see Aice v. State*, 409 S.E. (2d) 392 (S.C. 1991), submitted in conjunction with this Opinion, wherein we hold that once a PCR applicant obtains a complete adjudication on the merits of his original application, including an appeal, he may not make successive applications based on ineffective assistance of prior PCR counsel.

this question, we shall use an analysis akin to that of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984). If the circuit court finds that the petitioner never in fact sought discretionary review, the petitioner may appeal that finding and we shall review the appeal based on the normal "any evidence" standard. *See Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

Reversed and remanded.