Jimmie S. KING, Petitioner-Respondent v. STATE
of South Carolina, Respondent-Petitioner.

(417 S.E. (2d) 868)

Supreme Court

May 20, 1992.

## ORDER

This matter is before the Court on two petitions for writs of certiorari following the granting of petitioner-respondent's application for postconviction relief (PCR).

The order of Judge Bristow found that petitioner-respondent did not knowingly and intelligently waive his right to appellate review of an order of Judge Mobley denying his prior PCR application. *Austin v. State*, — S.C. —, 409 S.E. (2d) 395 (1991). We grant the petition for a writ of certiorari from Judge Bristow's order, dispense with further briefing, and proceed to review the order of Judge Mobley.

After careful consideration of the entire record as required by *Johnson v. State*, 294 S.C. 310, 364 S.E. (2d) 201 (1988), we deny the petition for a writ of certiorari filed by petitioner-respondent from the order of Judge Mobley and grant counsel's request to withdraw.

The petition for a writ of certiorari filed by respondent-petitioner is granted. We despense with further briefing and order that the following procedure shall be used in all future cases where review is sought pursuant to *Austin v. State, supra:*

(1) When the post-conviction relief judge has affirmatively found that he right to appellate review of a previous post-conviction relief order was not knowingly and intelligently waived, the petition shall raise this question along with all other questions petitioner seeks to have reviewed from that order. At the same time this petition is served, petitioner shall serve and file an *Austin* petition addressing the questions from the previous post-conviction relief order. The *Austin* petition shall comply with the requirements of Rule 227(d). The Appendix shall contain the entire records from both post-conviction relief proceedings. Respondent's return to the petition shall address the questions from the latest post-conviction relief order, including whether the right to appellate review of the previous post-conviction relief order was knowingly and intelligently waived. At the same time this return is served, respondent shall serve and file an *Austin* return addressing the questions from the previous post-conviction relief order.

(2) When the post-conviction relief judge has found that the applicant is *not* entitled to an *Austin v. State* review, the petition shall raise the question of waiver of the right to appellant review of the previous post-conviction relief order along with all other questions petitioner seeks to have reviewed from that order. The petition shall also contain a "Statement of Austin Questions" listing the questions to be raised if an *Austin v. State* review is granted. An *Austin* petition addressing the questions will not be allowed unless certiorari is granted on the *Austin v. State* question.

It is so ordered.