523 S.E.2d 753

**Herbert Wayne ODOM, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25015.**

Supreme Court of South Carolina.

Submitted Sept. 22, 1999.

Decided Nov. 15, 1999.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Howard L. Steinberg, all of Columbia, for respondent.

TOAL, Justice:

Herbert Wayne Odom ("Odom") appeals the post-conviction relief court's order of dismissal. We reverse and remand.

### FACTUAL/PROCEDURAL BACKGROUND

On August 31, 1993, Odom was arrested for distributing marijuana to an undercover officer within a half mile from the Busy Bee Day Care Center in Sumter County. A jury convicted Odom of one count of distribution on December 1, 1993. The presiding judge imposed a five year sentence and a fine of $5,000. On December 3, 1993, Odom pled guilty to a second count of distribution and the presiding judge imposed a

ten year, concurrent sentence for a third offense. Legal counsel represented Odom at both the trial and guilty plea. Odom did not directly appeal either conviction.

On December 18, 1995, Odom filed a *pro se* post-conviction relief ("PCR") application alleging ineffective assistance of counsel. The PCR judge summarily dismissed Odom's application for failing to file within the one-year statute of limitations [1].

Odom's first application for PCR was dismissed prior to the filing of this Court's opinion in *Peloquin* on April 15, 1996. In *Peloquin* this Court held that PCR applicants convicted before July 1, 1995, the effective date of S.C.Code Ann. § 17–27–45(A), should be allowed to file an application for PCR within one year after the effective date of the statute. *Peloquin,* 321 S.C. at 469, 469 S.E.2d at 606. If Odom had appealed the first PCR order dismissing his application, this Court would have reversed and remanded for an evidentiary hearing pursuant to *Peloquin* because Odom was convicted before July 1, 1995, and he filed his first PCR application before July 1, 1996.

On June 18, 1997, Odom filed a second *pro se* PCR application alleging: (1) ineffective assistance of counsel; and (2) that his first PCR application was erroneously dismissed.[2] Odom argued he should be permitted to appeal the dismissal of his first PCR application pursuant to *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991). Under *Austin,* a defendant can appeal a denial of a PCR application after the statute of

---

1. Under S.C.Code Ann. § 17–27–45(A) (Supp.1998) an application for PCR "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."

2. Odom argues the following in his application:

   Petitioner's application was filed within a year of the effective date of the statue [sic] and the PCR judge therefore erred in dismissing petitioneres [sic] application. Accordingly, the order of the PCR judge should be reversed and this matter remanded for further proceedings.

   This issue, however, is not properly preserved for appeal. Only final judgments or decisions may be reviewed by this Court in PCR actions. S.C.Code Ann. § 17–27–100 (1985); Rule 71.1(f), SCRCP. The PCR judge did not address this issue in his order and Odom did not file a Rule 59, SCRCP motion to obtain a ruling on this issue.

limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal. *Id.; see also King v. State,* 308 S.C. 348, 417 S.E.2d 868 (1992).

The PCR judge summarily dismissed Odom's second PCR application for failure to comply with the one-year statute of limitations as mandated by S.C.Code Ann. § 17–27–45(A) (Supp.1998) and *Peloquin v. State,* 321 S.C. 468, 469 S.E.2d 606 (1996). A chronology of significant events in this case is as follows:

(A) December 1, 1993 and December 3, 1993, Odom was convicted of the drug offenses and did not appeal;

(B) December 18, 1995, Odom filed his first PCR application;

(C) February 9, 1996, the PCR judge summarily dismissed Odom's first PCR application;

(D) June 18, 1997, Odom filed his second application for PCR;

(E) August 25, 1997, the PCR judge summarily dismissed Odom's second PCR application;

(F) September 12, 1997, Odom appealed the second summary dismissal.

## ISSUES

(1) Does *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991) apply when a post-conviction relief applicant was never appointed counsel?

(2) Does the statute of limitations for post-conviction relief applications, S.C.Code Ann. § 17–27–45(A) (Supp.1998), apply to applications filed pursuant to *Austin v. State?*

## LAW/ANALYSIS

### I. *AUSTIN V. STATE*

Odom argues the PCR judge erred by summarily dismissing his second PCR application which asserted a valid claim to an evidentiary hearing on his right to appellate review under *Austin v. State.* We agree.

■ All applicants are entitled to a full and fair opportunity to present claims in one PCR application. Successive PCR applications and appeals are generally disfavored because they allow an applicant to receive more than "one bite at the apple as it were." *Matthews v. Evatt*, 105 F.3d 907, 916 (1997) (quoting *Gamble v. State*, 298 S.C. 176, 379 S.E.2d 118, 119 (1989)). A successive PCR application is one that raises grounds not raised in a prior application, raises grounds previously heard and determined, or raises grounds waived in prior proceedings. *Carter v. State*, 293 S.C. 528, 362 S.E.2d 20 (1987); *see* S.C.Code Ann. § 17–27–90 (1976 & Supp.1997). In order to be entitled to a successive PCR application, the applicant must establish that the grounds raised in the subsequent application could not have been raised in the previous application. *Tilley v. State*, 334 S.C. 24, 511 S.E.2d 689 (1999). Additionally, successive PCR applications are permitted in rare procedural circumstances. *See, e.g., Case v. State*, 277 S.C. 474, 289 S.E.2d 413 (1982) (allowing a successive PCR application where the applicant's first PCR application was dismissed without assistance of legal counsel and without a hearing); *Carter v. State*, 293 S.C. 528, 362 S.E.2d 20 (1987) (permitting a successive application where the applicant did not have PCR counsel that differed from his trial counsel).

■ This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple." *Aice v. State*, 305 S.C. 448, 452, 409 S.E.2d 392, 395 (1991). This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal. *See Aice*, 305 S.C. at 448, 409 S.E.2d at 392.

An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review. *See Aice*, 305 S.C. at 448, 409 S.E.2d at 392; *Hope v. State*, 328 S.C. 78, 492 S.E.2d 76 n. 1 (1997) (permitting an *Austin* appeal where original PCR counsel failed to appeal from the first denial of PCR). In *Austin*, the defendant never received a full procedural "bite at the apple" because he was

prevented from seeking *any* review of the denial of his PCR application. *Aice,* 305 S.C. at 452, 409 S.E.2d at 395. As a method of effectuating the purpose of Rule 71.1(g) SCRCP [3] and enforcing Austin's entitlement to a PCR proceeding, this Court held Austin could attack his PCR counsel as ineffective by a petition for a writ of certiorari. *Id.*

A PCR applicant is entitled to an *Austin* appeal if the PCR judge affirmatively finds either: (1) the applicant requested and was denied an opportunity to seek appellate review; or (2) the right to appellate review of a previous PCR order was not knowingly and intelligently waived. *See King,* 308 S.C. at 348, 417 S.E.2d at 868. If the PCR court finds an applicant was denied his right to appeal, the applicant can petition for certiorari and this Court will review whether the petitioner was prejudiced by the failure to obtain appellate review. *Id.; see King,* 308 S.C. at 349, 417 S.E.2d at 868 (outlining the procedure used to seek review pursuant to *Austin v. State* ); *Wicker v. State,* 310 S.C. 8, 425 S.E.2d 25 (1992).

In this case, Odom never received a complete "bite at the apple" because both of his PCR applications were summarily dismissed before he was appointed legal counsel. An applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. *See Austin,* 305 S.C. at 454, 409 S.E.2d at 396; Rule 71.1(g), SCRCP. Under the PCR rules, a court will appoint an attorney to a PCR applicant if: (1) an evidentiary hearing is required; or (2) the applicant is indigent and wants to file an appeal. *See Whitehead v. State,* 310 S.C. 532, 426 S.E.2d 315 (1992); Rule 71.1(d), (g), SCRCP. Since Odom filed both his PCR applications *pro se,* he never received the benefit of an attorney's advice. The record does not indicate whether Odom was advised of his right to appeal or of the statute of limitation for an appeal. In order to effectuate an applicant's right to appeal a PCR

---

**3.** Rule 71.1(g), SCRCP states:

If an applicant desires to appeal the trial court's decision and contends he is indigent, the trial court, if satisfied that he is indigent, shall appoint counsel for the appeal. Such counsel may be the same counsel who represented the applicant in the trial court on his application. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel.

dismissal, this Court will require PCR judges to advise *pro se* applicants of both their right to appeal, and also their right to appellate counsel when their PCR applications are summarily dismissed.

Because Odom was entitled to the assistance of appellate counsel during PCR, we reverse the PCR judge's order of dismissal and remand for an evidentiary hearing on the issue of whether Odom knowingly and intelligently waived his right to appellate counsel. *Austin,* 305 S.C. at 454, 409 S.E.2d at 396. Odom will be entitled to an *Austin* appeal if it is determined that he did not knowingly and intelligently waive his right to appellate counsel. *Id.* Odom can then petition for certiorari and this Court will review whether he was prejudiced by his failure to obtain review of a meritorious issue. *Id.*

## II. STATUTE OF LIMITATIONS

The one-year statute of limitations for PCR applications is not applicable to appeals filed pursuant to *Austin v. State.* Under S.C.Code Ann. § 17–27–45(A) (Supp.1998) an application for relief must be filed "within one year after the entry of a judgment or conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." *Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal. *See, e.g., Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 n. 1 (1997) (permitting a belated appeal pursuant to *Austin* in 1992 from a denial of a PCR application in 1989).

Odom's *Austin* appeal is attacking the PCR *procedure* used in his case, not the *merits* of his sentence so the one-year statute of limitations, S.C.Code Ann. § 17–27–45(A), is not applicable. In this case, Odom claims that he was denied his right to appeal which was a procedural error preventing his fair "bite" at the apple. *Austin's* policy would be frustrated if the one-year statute of limitation applied to procedural errors made by the PCR courts. *Austin* is intended to act as an applicant's final safeguard against unjust procedural errors, even errors in the application of the statute of limitations. In

the instant case, if we applied the statute of limitations to Odom's *Austin* appeal, this Court would be holding a *pro se Austin* applicant to a one-year statute of limitations even though the only reason he is filing an *Austin* appeal is because he was unaware and uninformed of the statute of limitations that applied to his original PCR application.

## CONCLUSION

We **REVERSE** the PCR judge's order and **REMAND** for a new PCR hearing. We also recommend that counsel be appointed to Odom for the new PCR hearing.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.