559 S.E.2d 581

**Harold Fitzgerald WILSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25399.

Supreme Court of South Carolina.

Submitted Nov. 28, 2001.

Decided Jan. 28, 2002.

216

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondent.

Chief Justice TOAL.

Harold Fitzgerald Wilson ("Wilson") filed for post-conviction relief ("PCR") arguing he had ineffective assistance of counsel, the evidence against him was insufficient to secure an indictment, and the trial judge was not impartial. The PCR court dismissed Wilson's claim on summary judgment, ruling that he failed to timely file his application.

## FACTUAL/PROCEDURAL BACKGROUND

On July 26, 1995, a grand jury in Georgetown County indicted Wilson on one count of armed robbery. On October 18, 1995, a jury convicted Wilson of the charge, and the trial court sentenced Wilson to thirty (30) years confinement in the Department of Corrections. Wilson claims he instructed his attorney to appeal his conviction; however, no appeal was filed.

On September 30, 1997, Wilson filed an application for PCR alleging ineffective assistance of counsel, the evidence against

him was insufficient to secure an indictment, and the trial judge was not impartial. The State moved to dismiss Wilson's claim arguing the claim was untimely under the applicable statute of limitations set forth in S.C.Code Ann. § 17–27–45(A) (Supp.2000).[1] On November 24, 1998, the PCR court granted the State's motion to dismiss. Wilson now appeals. The sole issue before this Court is:

Does the statute of limitations for PCR applications, S.C.Code Ann. § 17–27–45(A), apply to an applicant who alleges that he did not knowingly and intelligently waive his right to a direct appeal from his criminal conviction?

## LAW/ANALYSIS

Wilson argues that the PCR judge erred by summarily dismissing his PCR application based on his failure to file within the applicable statute of limitations as set forth in S.C.Code Ann. § 17–27–45(A). We agree.

When considering the State's motion for summary dismissal of an application for PCR, a judge must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant. *Al–Shabazz v. State,* 338 S.C. 354, 363, 527 S.E.2d 742, 747 (2000).

To waive a direct appeal, a defendant must make a knowing and intelligent decision not to pursue the appeal. *Davis v. State,* 288 S.C. 290, 342 S.E.2d 60 (1986); *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974). Wilson alleges that he requested an appeal from his original conviction, but his lawyer failed to timely file the appeal. Viewed in the light most favorable to Wilson, the evidence suggests that Wilson did not voluntarily waive his direct appeal.

This Court has ruled, in *Odom v. State,* 337 S.C. 256, 523 S.E.2d 753 (1999), that the one year statute of limitations required by S.C.Code Ann. § 17–27–45(A), does not apply to

---

1. Section 17–27–45(A) provides: "An application for relief filed pursuant to this chapter must be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal of the filing of the final decision upon an appeal, whichever is later."

*Austin*[2] appeals. *Austin* appeals do not have to be filed within the one year statute of limitations because they are belated appeals intended to correct unjust procedural defects. A petitioner is entitled to an *Austin* appeal if the PCR judge affirmatively finds either that (1) the applicant requested and was denied an opportunity to seek appellate review, or (2) the right to appellate review of a previous PCR order was not knowingly and intelligently waived. *Odom,* 337 S.C. at 262, 523 S.E.2d at 756.

We extend our reasoning in *Odom* and *Austin* to the instant situation. A defendant has the procedural right to one fair bite at the apple. That is, every defendant has a right to file a direct appeal[3] and one PCR application. In this case, Wilson has not had "one bite of the apple" since he has not received either a direct appeal from his conviction or a PCR hearing. *See Poston v. State,* 339 S.C. 37, 528 S.E.2d 422 (2000); *Odom.*

Just as it was in *Odom, Austin's* policy would be frustrated if the one year statute of limitations for PCR claims applied where the applicant was denied his direct appeal due to ineffective assistance of counsel, and then was denied his right to a PCR application because of the one year statute of limitations.

### CONCLUSION

For the foregoing reasons, we **REVERSE** the PCR court's ruling that Wilson's PCR application was barred by the one year statute of limitations and **REMAND** to the PCR court to

---

2. *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991). In *Austin,* petitioner's counsel failed to file a timely appeal following the denial of a PCR application. The petitioner then filed a subsequent PCR application claiming ineffective assistance of counsel during his first application for PCR. This Court ruled that petitioner's case must be remanded for an evidentiary hearing to determine whether petitioner requested and was denied the right to appeal.

3. After the client is convicted and sentenced, trial counsel in all cases has a duty to make certain that the client is fully aware of the right to appeal, and if the client is indigent, assist the client in filing an appeal. *In re Anonymous Member of the Bar,* 303 S.C. 306, 307, 400 S.E.2d 483 (1991); *see also Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conduct an evidentiary hearing to determine if Wilson knowingly and intelligently waived his right to direct appeal.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.