574 S.E.2d 200

**Robert WHITEHEAD, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25567.

Supreme Court of South Carolina.

Heard Oct. 22, 2002.

Decided Dec. 16, 2002.

---

5. *See* S.C.Code Ann. § 5–7–30 (Supp.2001).

216

Assistant Appellate Defender Aileen Clare, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Chief Capital and Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Allen Bullard, Jr., and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondent.

Justice PLEICONES:

We ordered the parties to address the issue whether the defense of laches is available to the State where, as here, a post-conviction relief (PCR) applicant has made an *Austin*[1] claim. We hold that while laches may be pled as an affirmative defense, the State has waived it in this particular action. This matter shall proceed as directed below.

## PROCEDURAL HISTORY

In 1992, petitioner's first PCR application was denied after an evidentiary hearing. Appellate review of that order was not sought. Petitioner subsequently filed a second PCR application alleging, among other things, an *Austin* claim that his first PCR attorney had rendered ineffective assistance of counsel in failing to seek review of the 1992 PCR order. Following an evidentiary hearing on this second PCR application, the circuit court judge found petitioner's testimony credible that his first PCR attorney had failed to perfect certiorari despite petitioner's timely request. Accordingly, the second PCR judge concluded that petitioner was entitled to belated appellate review of the 1992 PCR order.

Petitioner timely sought certiorari to review this second PCR order. *See King v. State,* 308 S.C. 348, 417 S.E.2d 868 (1992) (appellate procedure in *Austin* matter). In the course of preparing the appendix, petitioner's counsel learned that no transcript of the 1992 PCR hearing was available, and petitioned the Court to remand the matter so that the record from

---

1. *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991).

that hearing could be reconstructed. *See China v. Parrott,* 251 S.C. 329, 162 S.E.2d 276 (1968) (trial judge reconstructed record where court reporter records were unavailable). The motion was denied, and the Court instructed the parties to brief "whether, in an instance such as this, a PCR applicant may be barred from seeking *Austin* review by the doctrine of laches."

## ISSUES

1) May laches bar an *Austin* review?
2) May laches properly be raised by the State in this matter?
3) What procedure shall be followed where laches is properly raised as a defense to an *Austin* claim?
4) How shall the parties in this case proceed?

## ANALYSIS

A. *Laches*

▮ We have held that the PCR statute of limitations found in S.C.Code Ann. § 17–27–45(A) (Supp.2001) does not apply to *Austin* claims. *Odom v. State,* 337 S.C. 256, 523 S.E.2d 753 (1999); *see also Wilson v. State,* 348 S.C. 215, 559 S.E.2d 581 (2002) (reaffirming *Odom* ). As both petitioner and the State recognize, the doctrine of laches may bar an action such as this where there is no applicable statute of limitations. *E.g., Godwin v. Carrigan,* 227 S.C. 216, 87 S.E.2d 471 (1955).

▮ Laches is an equitable doctrine, which "arises upon the failure to assert a known right." *Ex parte Stokes,* 256 S.C. 260, 182 S.E.2d 306 (1971). Laches is defined as:

Neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. Whether a claim is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches.

*Hallums v. Hallums,* 296 S.C. 195, 198–199, 371 S.E.2d 525, 527 (1988).

We hold that laches may be raised as a defense to an *Austin* PCR.

B. *Applicability in this case*

 Laches is an affirmative defense that must be pleaded. Rule 8(c), SCRCP. The failure to plead an affirmative defense is deemed a waiver of the right to assert it. *E.g., Adams v. B & D, Inc.,* 297 S.C. 416, 377 S.E.2d 315 (1989).

The State neither raised laches in its return to petitioner's second PCR application nor in its motion to dismiss that application. The State has waived its right to raise the affirmative defense of laches in this case. *Adams v. B & D, Inc., supra.*

C. *Procedure where laches is raised*

 In cases where laches is properly raised as a defense to an *Austin* claim, the PCR court shall hear evidence on this defense at the same time it hears the applicant's *Austin* claim on the merits. In all such cases, the PCR judge shall make a specific finding on the laches issue as well as a specific finding on the *Austin* claim. Depending on the nature of these rulings, the following procedures shall be followed if appellate review is sought:

(1) If the PCR judge finds for the applicant on both the *Austin* claim and the laches defense:

a) the applicant shall proceed according to the procedure outlined in *King v. State, supra;*

b) the State may cross-petition for review of the laches ruling;

(2) If the PCR judge finds for the State on both the laches defense and the *Austin* claim:

a) petitioner shall file a petition for certiorari addressing both rulings on their merits, and shall include a list of the issues that would be raised were an *Austin* review granted;

(3) If the PCR judge finds for the State on the laches defense and for petitioner on the *Austin* claim:

a) petitioner shall raise the laches issue on the merits in his petition for writ of certiorari, in addition to following the procedure outlined in *King v. State, supra;* and

(4) If the PCR judge finds for petitioner on the laches defense and for the State on the *Austin* claim;

 a) petitioner shall follow the *King v. State* procedure;

 b) the State may cross-petition for review of the laches ruling.

D. *Procedure in this case*

Petitioner sought a remand to reconstruct the record of his first PCR hearing. *See China v. Parrott, supra.* We now grant his motion and remand the case to Jasper County for a hearing to reconstruct the first PCR record. This hearing should be held within 45 days of the date this opinion is filed. If the circuit court judge determines that reconstruction is not possible, he shall notify this Court and the parties within 15 days of the reconstruction hearing. If the record is reconstructed, the parties shall notify this Court and the matter will proceed according to *King v. State, supra.*

## CONCLUSION

This matter is remanded to the circuit court with instructions to hold a reconstruction hearing promptly.

**REMANDED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.