THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Kerry Garner, Petitioner,
v.
State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Jasper County
 John C. Few, Post Conviction Judge

Memorandum Opinion No. 2007-MO-012
Submitted February 13, 2007  Filed February 20, 2007 

REVERSED AND REMANDED

 
 
 
Appellate Defender Aileen P. Clare, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, and Assistant Attorney General Colleen E. Dixon, all of the Office of the Attorney General, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the dismissal of his application for post-conviction relief
(PCR).  
In his PCR application, petitioner alleged he was entitled to a belated direct appeal as a result of counsels failure to fulfill his request for an appeal.  However, petitioners application was dismissed for failure to comply with the statute of limitations set forth in S.C. Code Ann. § 17-27-45(A) (2003).
In Wilson v. State, 348 S.C. 215, 559 S.E.2d 581 (2002), we held the statute of limitations does not apply to claims that the applicant was denied his right to a direct appeal due to the ineffective assistance of counsel.  Accordingly, we reverse the decision of the PCR judge dismissing petitioners application as untimely filed and remand for an evidentiary hearing to determine whether petitioner is entitled to a belated direct appeal.
 REVERSED AND REMANDED.
MOORE, WALLER and PLEICONES, JJ., concur. TOAL, C.J., concurring in result in a separate opinion in which BURNETT, J., concurs.     
Chief Justice Toal:  I concur in the result reached by the majority, but add that respondent may raise all available defenses on remand, including the defense of
laches.  
 BURNETT, J., concurs.