661 S.E.2d 337

**David Wayne GRAHAM, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

May 7, 2008.

## ORDER

Petitioner pled guilty to murder, armed robbery, and criminal conspiracy. No direct appeal was taken.

Petitioner filed an application for post-conviction relief (PCR) in which he alleged his guilty plea was involuntary, counsel was ineffective, and the evidence was insufficient. The application was denied and dismissed. Petitioner's petition for a writ of certiorari was denied by this Court after review pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

Petitioner filed a second PCR application in which the denial of his right to direct appeal was the sole issue raised. The PCR judge found the application was successive and barred by the statute of limitations.

Petitioner has now filed a notice of appeal and an explanation, pursuant to Rule 227(c), SCACR, why the PCR judge's findings were improper., Specifically, petitioner contends his request for a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974) and *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986) was not successive and was not abandoned by prior proceedings. Petitioner argues further that the memorandum he submitted to the lower court set forth meritorious appellate issues. Accordingly, petitioner maintains he should be allowed his "full bite at the apple."

Initially, we note the PCR judge erred in finding petitioner's second application was barred by the statute of limitations. *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581 (2002)(one year statute of limitations for PCR claims does not apply to allegation applicant was denied the right to direct appeal due to the ineffective assistance of counsel). However, he did not err in finding the application was successive.

All applicants are entitled to a full and fair opportunity to present claims in one PCR application. *Odom v. State*, 337 S.C. 256, 523 S.E.2d 753 (1999). Successive PCR applications and appeals are generally disfavored because they allow an applicant to receive more than "one bite at the apple as it were." *Id.* A successive PCR application is one that raises grounds not raised in a prior application, raises grounds previously heard and determined, *or raises grounds waived in prior proceedings. Id.* In order to be entitled to a successive PCR application, the applicant must establish that the grounds raised in the subsequent application could not have been raised in the previous application. *Id.*

In the case at hand, petitioner clearly could have raised the issue of the denial of his right to direct appeal in his first PCR application. Because petitioner failed to raise the issue in his first application, the PCR judge correctly found petitioner was barred from raising it in a successive applica-

4

tion. Accordingly, because petitioner has failed to provide a sufficient explanation, as required by Rule 227(c), why the PCR judge's finding that the application was barred as successive was improper, we hereby dismiss petitioner's appeal.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JAMES E. MOORE, JOHN H. WALLER, JR., COSTA M. PLEICONES and DONALD W. BEATTY, JJ.