THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Jerry Michael
 Collins, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Greenville County
  Edward W. Miller, Post-Conviction Relief
Judge

Memorandum Opinion No.   2008-MO-052
 Submitted December 4, 2008  Filed
December 15, 2008 

REVERSED

 
 
 
 Elizabeth
 A. Franklin, of South Carolina Commission on Indigent Defense, Division of
 Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General Karen C. Ratigan, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner
 was convicted of trafficking in methamphetamines and possession of a firearm.  He was sentenced to twenty-five years
 imprisonment for the drug offense, and five years imprisonment for the weapon
 charge, to run concurrently.  The Court of Appeals affirmed the convictions and
sentences.  State v. Collins, Op. No. 2003-UP-131 (S.C. Ct. App. filed Feb. 19, 2003).    
On August 18, 2003, petitioner filed his first application for
 post-conviction relief (PCR).  Following a hearing, Judge Patterson filed an
 order of dismissal.  A notice of appeal was not filed.  On February 17, 2007,
 petitioner filed a second PCR application alleging his prior PCR attorney
 failed to perfect an appeal.  Following a hearing, Judge Miller granted
 petitioners request for a belated review of the denial of his first PCR
 application pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395
 (1991).  Petitioner now seeks
 a writ of certiorari to review Judge Millers order and has filed a separate brief
addressing the Austin issues. 
A PCR applicant is entitled to an Austin appeal if the PCR
 judge finds either that: (1) the applicant requested and was denied an
 opportunity to seek appellate review; or (2) the right to appellate review was
 not knowingly and intelligently waived.  Odom v. State, 337 S.C. 256,
523 S.E.2d 753 (1999).  
We
 find petitioner failed to show he was entitled to a belated appeal from the
 denial of his first PCR application.  Caprood v. State, 338 S.C. 103,
 525 S.E.2d 514 (2000).  Petitioner admitted he received a letter from PCR
 counsel informing him that he had thirty days to file a notice of  appeal and
 that he should contact PCR counsel after reviewing the letter.  Petitioner conceded
 he never contacted PCR counsel and only presumed counsel would file a notice of
 appeal on his behalf.  PCR counsel testified petitioner never indicated he should
 automatically file a notice of appeal upon receiving an order of dismissal.  Therefore,
 petitioner knowingly and voluntarily waived his right to an appeal.  Odom,
 337 S.C. 256, 523 S.E.2d 753.  Accordingly, the PCR judges order granting
petitioner a belated appeal is 
REVERSED.
TOAL,
C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.