677 S.E.2d 600

**Larry M. FERGUSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26655.**

Supreme Court of South Carolina.

Heard March 17, 2009.

Decided May 26, 2009.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Daniel E. Grigg, all of Columbia, for Respondent.

Justice WALLER.

We granted a writ of certiorari to review the Court of Appeals' dismissal of this appeal.[1] The sole issue is whether mental incapacity tolls the statute of limitations in which to file for post-conviction relief (PCR).

## FACTS

In December 1996, Petitioner, Larry Ferguson, pleaded guilty to first degree burglary, second degree burglary, grand larceny (three counts), and receiving stolen goods; he was sentenced to fifteen years, suspended on five years probation.[2] In March 2001, Ferguson pleaded guilty to numerous drug charges for which he was concurrently sentenced to two years on each offense; his probation on the 1996 charges was revoked in full.

In February 2002, Ferguson filed an application for PCR alleging ineffective assistance in connection with the 1996 guilty plea. The application was dismissed after a hearing, on the ground that it was barred by the one-year statute of limitations set forth in S.C.Code Ann. § 17–27–45(a). We granted certiorari.

---

1. We reinstated the appeal and granted certiorari.

2. Ferguson was 18 years old at the time of his 1996 plea. He has a history of mental illness, bipolar disorder, and has an IQ of 76.

## ISSUE

Is the one-year statute of limitations set forth in S.C.Code Ann. § 17–27–45(a) tolled by a PCR applicant's mental incapacity?

## DISCUSSION

S.C.Code Ann. § 17–27–45(a) provides:

(A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

*Peloquin v. State,* 321 S.C. 468, 469 S.E.2d 606 (1996).

The PCR court held the one-year statute of limitations was not tolled by an applicant's mental incompetency, citing our opinion in *Council v. Catoe,* 359 S.C. 120, 597 S.E.2d 782 (2004). In *Council,* we addressed whether PCR proceedings of a mentally incompetent applicant should be indefinitely **stayed** until such time as the applicant regained competency. We held collateral review of the trial proceedings should not be delayed due to the applicant's incompetency. 359 S.C. at 129, 597 S.E.2d at 787. The basis for our holding was that the issues on PCR were not "extraordinarily fact intensive" and did not require Council's assistance. Accordingly, Council's incompetent state did not prevent the PCR court from proceeding on those issues. We went on to note, however, that "if, at a future date, the petitioner regains his competency and discovers that at his original PCR hearing, his incompetency prevented his ability to assist his counsel on a fact-based claim of ineffective assistance of counsel, he may then raise that claim in a subsequent proceeding." *Id.*[3]

The State and Ferguson fervently dispute the import of the Court's holding in *Council.*[4] In light of the language a PCR

---

[3]. We recently held a mentally incompetent capital defendant could not waive his right to pursue PCR. *Hughes v. State,* 367 S.C. 389, 626 S.E.2d 805 (2006).

[4]. Initially, the State contends there is no evidence of incompetence subsequent to Ferguson's 1996 plea. However, that matter was not

applicant's mental incompetency does not delay collateral proceedings, the State interprets *Council* to mean that the statute of limitations is not tolled during incompetency. Ferguson, on the other hand, contends the holding in *Council* that a mentally incompetent applicant who later regains competence **will have an opportunity** to raise fact-based issues at a later date, is an implicit holding that the statute of limitations is tolled.

Unlike *Council,* the issue here is not whether PCR proceedings should be **stayed** by virtue of Ferguson's alleged incompetency but, rather, whether or not the time in which to **file** an application for PCR is tolled.

There is a split of authority as to whether the statute of limitations to file a PCR action is tolled by mental incompetency. It has been held that while an ongoing mental incompetence may warrant equitable tolling, "a claim of mental incompetence does not constitute a *per se* reason to toll a statute of limitations.... Rather, the critical inquiry remains whether the circumstances preventing a petitioner from making a timely filing were both beyond the petitioner's control and unavoidable despite due diligence." *Com. v. Carneal,* 274 S.W.3d 420 (Ky.2008), *internal citations omitted; Nara v. Frank,* 264 F.3d 310, 320 (3d Cir.2001), *overruled on other grounds by Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (mental incompetence may warrant equitable tolling where alleged mental incompetence has affected petitioner's ability to timely file); *State v. Nix,* 40 S.W.3d 459 (Tenn.2001) (due process requires tolling of PCR statute of limitations only if petitioner is unable to manage his affairs or understand his legal rights and liabilities); *Seals v. Tennessee,* 23 S.W.3d 272, 277 (Tenn.2000) (due process considerations may toll statute of limitations if mentally incompetent petitioner was denied the opportunity to bring a claim in a "meaningful time and manner"). *But see Allen v. State,* —— So.2d —— (Miss.App.2008), *citing House v. State,* 754 So.2d 1147 (Miss. 1999) (holding there is no authority to toll statute of limitations based on mental incompetence).

---

addressed at PCR and no hearing held on that claim inasmuch as the court held the statute of limitations barred his action.

Although we have not specifically addressed tolling the statute of limitations in the context of mentally incompetent PCR applicants,[5] case law warrants a holding that, in circumstances in which an applicant demonstrates the failure to timely file for PCR was due to mental incompetency, the statute should be tolled.

In *Odom v. State*, 337 S.C. 256, 523 S.E.2d 753 (1999), we held the one year statute of limitations of S.C.Code Ann. § 17–27–45(A), does not apply to *Austin v. State*[6] appeals. In *Austin*, counsel failed to file a timely appeal following the denial of the petitioner's PCR application. He filed a subsequent PCR application claiming ineffective assistance of counsel during his first application for PCR. We remanded for an evidentiary hearing to determine whether petitioner requested and was denied the right to appeal. We held *Austin* appeals need not be filed within the one year statute of limitations because they are belated appeals intended to correct unjust procedural defects. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or **"one bite at the apple."** *Odom*, 337 S.C. at 261, 523 S.E.2d at 755, *citing Aice v. State*, 305 S.C. 448, 452, 409 S.E.2d 392, 395 (1991) (emphasis added).

The rule of *Odom* and *Austin* was extended in *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581 (2002). In *Wilson*, we held every defendant has a right to file a direct appeal and one PCR application. There, since counsel had been ineffective in failing to file an appeal, and the statute of limitations in which to file for PCR had expired, we held "policy would be frustrated if the one year statute of limitations for PCR claims applied where the applicant was denied his direct appeal due to ineffective assistance of counsel, and then was denied his right to a PCR application because of the one year statute of limitations." *Id.* at 218, 559 S.E.2d at 583.

The same policy considerations are applicable here. If Ferguson was prevented from filing for PCR by reason of his mental incompetency, then he has not, and will not, receive his

---

**5.** In *Norris v. State*, 335 S.C. 30, 515 S.E.2d 523 (1999), we found it unnecessary to address whether mental incompetency tolled the statute of limitations for PCR applications.

**6.** 305 S.C. 453, 409 S.E.2d 395 (1991).

one full bite at the apple. Accordingly, we find the proper remedy is to remand to the PCR court for a hearing as to whether Ferguson's mental incapacity prevented such an application in the one year following his 1996 guilty plea. If the PCR court finds mental incompetence prevented his filing a PCR application, the court should determine the duration of the incompetence, and whether the application was filed within one year of Ferguson regaining competency. PCR should proceed only if Ferguson's application was timely filed within one year of the date that he regained competence.

**REMANDED.**

TOAL, C.J., PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.