**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Antonio Gordon, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-001004

Appeal From York County
John C. Hayes, III, Circuit Court Judge
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2017-UP-385
Submitted September 1, 2017 – Filed October 18, 2017

**AFFIRMED**

Antonio Gordon, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Justin James Hunter, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 60(b), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, SCRCP]; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."); *id.* (providing a motion pursuant to Rule 60(b) "shall be made within a *reasonable time*, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken" (emphasis added)); *Austin v. State*, 305 S.C. 453, 454, 409 S.E.2d 395, 396 (1991) (recognizing "a prisoner's right to the assistance of appellate counsel in seeking review of the denial of [post-conviction relief]" and allowing for a successive *PCR application* when the applicant has been denied complete access to the appellate process).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.