# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

John Willie Mack, Sr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000329

———

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———

Appeal From Spartanburg County
Robin B. Stilwell, PCR Court Judge

———

Opinion No. 28025
Heard March 3, 2021 – Filed April 28, 2021

———

## REVERSED AND REMANDED

———

Appellate Defender Jessica M. Saxon, of Columbia, for
Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Chelsey Faith Marto, both of Columbia,
for Respondent.

———

**CHIEF JUSTICE BEATTY:** We granted John Willie Mack, Sr.'s petition
for a writ of certiorari to review *Mack v. State*, Op. No. 2019-UP-386 (S.C. Ct. App.
filed Dec. 18, 2019), in which the court of appeals affirmed the PCR court's dismissal
of Mack's second application for post-conviction relief ("PCR") alleging his DNA

counsel failed to timely appeal the denial of his application for DNA testing under the Access to Justice Post-Conviction DNA Testing Act ("DNA Act"), S.C. Code Ann. §§ 17-28-10 to -120 (2014). Because Mack was prevented from seeking appellate review, we find it is necessary to provide an avenue of relief akin to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) that affords him the opportunity to obtain belated review. Accordingly, we reverse and remand to the court of general sessions for an evidentiary hearing consistent with this opinion.

## I. FACTS

On September 6, 2005, LaRhonda Moss ("Victim") returned to her home in Spartanburg after spending the Labor Day weekend out of town and discovered someone had broken into the house through her bedroom window. She noticed her television, laptop computer, CD changer, and certain items of jewelry were missing and other personal items were strewn throughout the home. Notably, blood was found on her entertainment center in the living room, on a bookshelf in the hallway, and on the wall near a light switch in the bedroom. Law enforcement swabbed the blood and sent the evidence to the State Law Enforcement Division ("SLED") for DNA testing. The physical items containing the blood were not collected or preserved. Photographs showing the location of the blood evidence were taken at the crime scene, but they were subsequently lost and not available at trial. Thereafter, law enforcement discovered the blood samples from Victim's home matched Mack's DNA in the Combined DNA Index System ("CODIS"), and he was indicted for first-degree burglary and grand larceny. Three years later, the State moved to compel Mack to submit to a buccal swab test to confirm the DNA match, and the circuit court granted the request. The DNA evidence found in the blood samples was the only evidence presented at trial linking Mack to the charged crimes. The case proceeded to a jury trial in February 2011, and Mack was convicted and sentenced to life imprisonment without the possibility of parole for first-degree burglary and a concurrent term of five years' imprisonment for grand larceny. Mack appealed his convictions and sentences, and the court of appeals affirmed in *State v. Mack*, Op. No. 2013-UP-161 (S.C. Ct. App. filed April 17, 2013).

In September 2012, while his appeal was still pending, Mack filed a *pro se* application for forensic DNA testing pursuant to the DNA Act. In May 2013, while his application for DNA testing was pending, Mack filed his first application for post-conviction relief under the Uniform Post-Conviction Procedure Act ("PCR Act"), S.C. Code Ann. §§ 17-27-10 to -160 (2014), alleging ineffective assistance of trial counsel. At the start of his PCR hearing in January 2015, he moved for a continuance in order to first obtain a ruling on his 2012 *pro se* application for DNA testing under the DNA Act. The PCR court denied the continuance on the ground

that his ineffective assistance of trial counsel claim was not related to his request for new DNA testing, and any decision as to his PCR application would have no bearing on his request for relief under the DNA Act. In April 2015, the PCR court denied his PCR application, and Mack filed a *Johnson*[1] petition for a writ of certiorari to review the decision. Following an order from this Court requesting Mack to file another petition addressing a specific question, we denied the petition in February 2018.

In October 2014, a hearing was held on Mack's *pro se* application for post-conviction DNA testing during which he requested testing of the physical items where his blood was allegedly found rather than a retesting of the swabs collected in 2005. On May 18, 2015, the court issued an order denying his request, finding (1) testimony at trial established the blood samples taken at the crime scene were tested and matched Mack in a 1 in 1.3 quadrillion probability; (2) he did not raise the issue at trial of producing the actual items from which the blood samples were taken; and (3) the items he sought to test were previously subjected to DNA testing and further testing would not provide a more probative result. Mack received written notice of entry of the order on May 20, 2015, and his DNA counsel served a notice of appeal on the State on June 3, 2015. The court of appeals dismissed the appeal as untimely under Rule 247(b), SCACR. *Mack v. State*, S.C. Ct. App. Order dated July 16, 2015.

In September 2015, Mack filed a second PCR application alleging DNA counsel was ineffective for failing to timely appeal the denial of his application for post-conviction DNA testing. The State filed a return and moved to dismiss his application. Two years later, the PCR court held a hearing on Mack's second PCR application and dismissed with prejudice his request for relief. Specifically, the PCR court held his second PCR application failed to state a cognizable claim for relief, was barred by the statute of limitations, and was successive to his previous application under the PCR Act. The court also determined his claim was prohibited by section 17-28-60 of the DNA Act. Mack appealed the PCR court's order, and the court of appeals affirmed the dismissal of his second PCR application. *Mack v. State*, Op. No. 2019-UP-386 (S.C. Ct. App. filed Dec. 18, 2019). Following the denial of his petition for rehearing, Mack filed a petition for a writ of certiorari to review the court of appeals' decision, which this Court granted.

## II. STANDARD OF REVIEW

"In a PCR case, this Court will uphold the PCR court's factual findings if there is any evidence of probative value in the record to support them." *Thompson v. State*,

[1] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018) (citing *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016)). "However, this Court gives no deference to the PCR court's conclusions of law, and we review those conclusions de novo." *Id.* (citing *Jamison v. State*, 410 S.C. 456, 465, 765 S.E.2d 123, 127 (2014)).

## III. DISCUSSION

Mack contends the court of appeals erred in affirming the PCR court's dismissal of his second PCR application alleging DNA counsel was ineffective for failing to timely appeal the denial of his application for post-conviction DNA testing. Specifically, he claims that filing a second PCR application was his only avenue to seek appellate review and to obtain his "one fair bite at the apple" due to DNA counsel's deficient conduct. *See Odom v. State*, 337 S.C. 256, 261–62, 523 S.E.2d 753, 755–56 (1999) (stating "an applicant is entitled to a full adjudication on the merits of the original petition, or 'one bite at the apple'" and noting Austin "never received a full procedural 'bite at the apple' because he was prevented from seeking *any* review of the denial of his PCR application"). Consequently, Mack requests this Court to extend our decision in *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) to the DNA Act and grant him belated review of the denial of his request for post-conviction DNA testing.

In *Austin*, the petitioner's original PCR application was denied, and counsel failed to seek appellate review. *Id.* at 454, 409 S.E.2d at 396. Subsequently, the petitioner filed a second PCR application alleging his counsel was ineffective for failing to seek appellate review of the PCR court's order. *Id.* We noted that, under the PCR Act, "[t]he right to seek appellate review of the denial of PCR is expressly authorized by state law." *Id.* (citing S.C. Code Ann. § 17-27-100 (2014)). Based on our extension of *Anders v. California*, 386 U.S. 738 (1967) to PCR matters in *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), which acts "as a safeguard of the right to appeal," we recognized the petitioner was entitled to the assistance of appellate counsel in seeking review of the denial of PCR. *Id.* We further found the petitioner's allegation that counsel failed to seek appellate review sufficiently stated a claim of ineffective assistance. *Id.* Therefore, we crafted a remedy to correct the unfairness that had occurred by providing relief through a belated appeal. *Id.*; *see Ferguson v. State*, 382 S.C. 615, 619, 677 S.E.2d 600, 602 (2009) (noting *Austin* appeals are "belated appeals intended to correct unjust procedural defects").

Mack argues this case is on all fours with *Austin* because he was prevented from seeking appellate review due to counsel's failure to timely serve the notice of appeal. Similar to *Austin*, which was based on the statutory right to appellate review under the PCR Act, the right to appellate review of an order granting or denying

post-conviction DNA testing under the DNA Act is also expressly authorized by statute. S.C. Code Ann. § 17-28-90(G) (2014) ("The applicant and the solicitor or Attorney General, as applicable, shall have the right to appeal a final order denying or granting DNA testing by a writ of certiorari to the Court of Appeals or the Supreme Court as provided by the South Carolina Appellate Court Rules."). As a result, Mack claims the only way to correct the unfairness in this case is to craft a remedy similar to the one created in *Austin* to allow him to obtain belated review.

It is undisputed that Mack's DNA counsel failed to timely serve the notice of appeal. *See* Rule 247(b), SCACR ("The notice of appeal shall be served on all respondents within ten (10) days after receipt of written notice of entry of the final order."); *Mack v. State*, S.C. Ct. App. Order dated July 16, 2015 (dismissing Mack's appeal for failure to timely serve the notice of appeal under Rule 247(b), SCACR). We therefore understand why Mack filed a second PCR application in this instance because there is no existing procedural mechanism that allows him to seek the appellate review to which he is statutorily entitled. As we held in *Austin*, we find *Anders* similarly applies to the DNA Act to safeguard an applicant's statutory right to seek appellate review and entitles him to the assistance of appellate counsel.[2] *See Odom*, 337 S.C. at 261, 523 S.E.2d at 755–56 (noting a full adjudication on the merits or "one bite at the apple" includes both the right to appeal and the right to the assistance of counsel in that appeal); *Austin*, 305 S.C. at 454, 409 S.E.2d at 396 (recognizing *Anders* applies in PCR matters and entitles a petitioner to the assistance of appellate counsel); *see also State v. Velasquez-Cardenas*, 815 S.E.2d 9, 17–18 (N.C. Ct. App. 2018) (holding *Anders* procedures apply to an appeal of the denial of a motion for post-conviction DNA testing and stating there is "no valid reason to deny *Anders*-type protections to defendants in criminal proceedings from which there is a statutory right of appeal"). Because Mack was unjustly prevented from seeking appellate review and deprived of his full "bite at the apple," we must provide an avenue of relief akin to *Austin* that affords him the opportunity to obtain belated review.

We hold that an applicant for post-conviction DNA testing may file a petition for belated review when he is prevented from seeking appellate review, such as when

---

[2] Similar to the PCR rules, the DNA Act requires that counsel be appointed for an indigent DNA testing applicant. *See* Rule 71.1(d), SCRCP (requiring the court to appoint counsel to assist a PCR applicant if he is indigent); S.C. Code Ann. § 17-28-60 (2014) (requiring the court to appoint counsel for an indigent DNA testing applicant and noting that counsel appointed in an ongoing PCR proceeding must also serve as DNA counsel).

counsel fails to seek timely review. *Cf. Odom*, 337 S.C. at 261, 523 S.E.2d at 756 ("An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review."). Because an application for post-conviction DNA testing under the DNA Act must be filed with the clerk of court of the court in which the conviction or adjudication took place, the petition for belated review must also be filed in that court and request an evidentiary hearing. *See* S.C. Code Ann. § 17-28-40(B) (2014) ("The application [for DNA testing] must be verified by the applicant and filed under the original indictment number or petition with the clerk of court of the general sessions court or family court in which the conviction or adjudication took place."). The petitioner will be entitled to belated review if the circuit court judge[3] affirmatively finds either: (1) the petitioner requested and was denied an opportunity to seek appellate review; or (2) the right to appellate review was not knowingly and intelligently waived. *Cf. Odom*, 337 S.C. at 262, 523 S.E.2d at 756 (outlining the standard the PCR judge must apply in determining whether a PCR applicant is entitled to an *Austin* appeal).

If the circuit court finds the petitioner is entitled to belated review, the petitioner shall serve and file a petition for a writ of certiorari under Rule 247, SCACR.[4] The first question in the petition shall address whether the circuit court properly found the petitioner is entitled to belated review. In addition, the petition shall raise and address the questions the petitioner seeks to have reviewed regarding the decision on the application for post-conviction DNA testing.

If the circuit court finds the petitioner is not entitled to belated review, the petition for a writ of certiorari shall address only the question of whether the circuit court erred in finding the petitioner is not entitled to belated review. However, the petition shall also include a statement of the questions the petitioner would raise

---

[3] In cases where the conviction or adjudication took place in the family court, the family court judge shall hold the requested evidentiary hearing and make a finding as to whether the petitioner is entitled to belated review.

[4] *See* S.C. Code Ann. § 17-28-90(G) (2014) (granting applicants for post-conviction DNA testing the right to appeal by a writ of certiorari to the court of appeals or this Court as provided by the South Carolina Appellate Court Rules); Rule 247(a), SCACR (providing an order denying or granting DNA testing under the DNA Act shall be reviewed upon petition for a writ of certiorari).

regarding the decision on the application for post-conviction DNA testing if belated review is granted.

Regardless of the finding of the circuit court, the Appendix under Rule 247(e), SCACR, shall contain the entire record before the lower court, including the transcript of any hearing held and the orders issued by the court as to both the application for post-conviction DNA testing and the petition seeking belated review, along with an index.[5]

Unlike the *Austin* review procedure, the petitioner will not be required to establish prejudice under the standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (noting "*Strickland* is concerned with attorney performance in the course of representation" and "does not apply to deprivations of counsel altogether," which occurs when counsel fails to file a notice of appeal); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000) ("[I]t is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal."). Instead, prejudice will be presumed. *See Roe*, 528 U.S. at 483 (holding prejudice will be presumed where "counsel's deficient performance deprived him of a notice of appeal, and hence, an appeal altogether"); *Rodriquez v. United States*, 395 U.S. 327, 330 (1969) ("Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings."); *see also Frasier v. State*, 306 S.C. 158, 161, 410 S.E.2d 572, 574 (1991) (reviewing the denial of PCR and holding "counsel was ineffective in failing to perfect petitioner's appeal, and that petitioner was prejudiced thereby because but for counsel's deficient performance, petitioner would have taken a direct appeal").

Here, we find Mack's allegation that his DNA counsel failed to timely serve the notice of appeal from the order denying his application for post-conviction DNA testing permits him to seek belated review in accordance with this opinion. Therefore, we remand the case to the court of general sessions for an evidentiary hearing on the issue of whether he requested and was denied an opportunity to seek appellate review or the right to appellate review was not knowingly and intelligently waived. *See Wilson v. State*, 348 S.C. 215, 218–19, 559 S.E.2d 581, 583 (2002) (remanding for an evidentiary hearing to determine whether the petitioner knowingly

---

[5] This procedural guidance is based on that specified by *King v. State*, 308 S.C. 348, 417 S.E.2d 868 (1992), for cases involving belated review under *Austin*.

and intelligently waived his right to appeal); *Austin*, 305 S.C. at 454–55, 409 S.E.2d at 396 (remanding for an evidentiary hearing to determine whether the petitioner requested and was denied an opportunity to seek appellate review).  If the circuit court finds Mack is entitled to belated review, he may file a petition for a writ of certiorari under Rule 247, SCACR.

## IV. CONCLUSION

Because Mack was prevented from seeking appellate review, we find it is necessary to provide an avenue of relief akin to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) that affords him the opportunity to obtain belated review. Accordingly, we reverse and remand to the court of general sessions for an evidentiary hearing consistent with this opinion.

**REVERSED AND REMANDED.**

**KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**